# 𝔚𝔥𝔢𝔢𝔩𝔦𝔫𝔤.

## LAZZELL *et. al., vs.* MAPEL, *assignee.*

### January Term, 1865.

1. It is proper to permit the answers to interrogatories, of one defendant, to be read to the jury on the trial of a cause, although a judgment has been had against him in the clerk's office and has become final by the rising of the succeeding term of the court, no issuable plea having been filed.

2. It is not error for the circuit court to refuse to instruct the jury to disregard the answers of one of the defendants to interrogatories filed by the plaintiff, as against *any* of the defendants, when said defendants had previously asked the court to permit the answer to be read as against that defendant only, which request had been granted.

*Stephen Mapel,* assignee of *Amos S. Bowlby,* brought suit on the 17th day of August, 1859, in the county court of *Monongalia* county, against *W. P. Lazzell, M. N. Rymer, J. S. Lazzell, Thos. Lazzell, and C. C. Lazzell,* on a note dated November 6th, 1856, whereby they promised to pay to the order of said *Bowlby,* fifteen hundred dollars, with interest from date. The writ was executed on all the defendants except *Rymer,* who was returned by the sheriff, no inhabitant. There was a credit endorsed on the note of one hundred dollars, on the 4th of December, 1858. The office judgment in the cause was set aside at the October term, 1859, and all the defendants, except *Rymer,* entered a plea of payment with leave to file additional pleas in sixty days. At the December rules following, *J. S. Lazzell, Thomas Lazzell,* and *C. C. Lazzell,* filed a plea of usury, which was also done by *W. P. Lazzell* at the April term, 1860. At the January term, 1861, the cause was removed, by reason of its having been pending in the county court for more than one year without being determined, to the circuit court. A trial was had at the April term, 1862, and

the jury being unable to agree was discharged, and the cause was continued. During the same term the cause was remanded to rules for further proceedings. On the 9th of June, 1862, *Mapel* sued out of the clerk's office of the circuit court, an *alias* summons, which was served on *Rymer* by the sheriff of *Tyler* county, he being a resident thereof, on the 26th day of the same month. On the 7th day of July following, *Mapel*, by his attorney, filed interrogatories to *Rymer* in the following words and figures:

1st. For what consideration did you give the note filed in this cause, with the declaration, calling for fifteen hundred dollars, dated November 6th, 1856, and payable twelve months after date, with interest from date?

2d. Was there before or at the time, or after the execution of said note, any contract or assurance made with the said *Amos S. Bowlby*, assignor of said note, directly or indirectly, for the loan or forbearance of said sum of money, or any other sum of money, at a rate of interest greater than *six per centum per annum?*

3d. Was there any other note, bond, or assurance made, executed or given by the parties, or any of them, for any money, or any thing beside what is included in said note aforedescribed and expressed on the face of it?

4th. Was not the said transaction a fair and legal one, free from all usury, free from all intent or device to evade the law relating to usury?

A summons was directed to the sheriff of *Tyler* county, commanding him to summon *Rymer* to answer the interrogatories, which was executed on the 10th of July, 1862. *Rymer* answered on the same day of the return under oath before a justice of *Tyler* county, who certified accordingly, as follows:

"Answer to 1st interrogatory: It was for the sum of fifteen hundred dollars in cash, borrowed by myself and *Wm. P. Lazzell*, and the other defendants became our securities in said note. Answer to 2d interrogatory: There was not. Answer to 3d interrogatory: There was not by me nor by others, nor any other so far as I know; if there

was any such thing I never knew it.    Answer to 4th interrogatory: It was a fair transaction; there was no usury. It is a just debt and ought to be paid."

The conditional judgment on the alias summons, was confirmed against *Rymer* at the August rules, 1862.    The cause was continued at the September term, 1862, as also at the February term, 1863, and came on for trial at the April term, 1863, when the jury returned a verdict for the plaintiff for the whole amount of the debt interest and costs, and the court entered judgment accordingly.

During the progress of the trial, the plaintiff offered as evidence to be read to the jury, the interrogatories to *Rymer* and the answers thereto, to which the defendants *Thomas Lazzell, J. S. Lazzell* and *C. C. Lazzell* by their attorney objected, but the court overruled the objection and permitted them to be read to the jury as evidence against *Rymer alone;* to which ruling the defendants above named excepted, which constituted their 2d bill of exceptions.

The defendants moved the court to instruct the jury on six several points, which motions were allowed except the 4th, which was as follows: "That said answers (the answers of *Rymer,*) cannot be regarded as evidence in the cause as proving or tending to prove or disprove, that the contract sued upon, was or was not *usurious* as against any of the defendants in the cause."    To the refusal of the court to give this instruction the defendants by their attorney excepted, which constituted their 4th bill of exceptions.

There were two other bills of exceptions, but as they were not insisted upon in the argument nor considered by this court in its opinion, it is unnecessary to notice them.

The defendants *Lazzell* applied to this court for a superdeas which was allowed, assigning for error the matter contained in the bills of exceptions before mentioned.

*P. H. Keck,* for the plaintiffs in error, insisted upon the following points:

First. The court erred in allowing the interrogatories and answers of *Martin N. Rymer* to be read to the jury as evi-

dence: 1st, Because the same were not relevant to the issues in the cause, nor such as said *Rymer* would have been compelled to answer upon a bill of discovery, and because too long delayed. See Code of Virginia, 1860, chap. 176, sec. 39, pages 728-9. *McFarland* v. *Hunter*, 8 Leigh, 489. *Vaughn & Co.* v. *Garland*, 11 Leigh, 251. And see also, defendant's 2d and 4th bills of exceptions.

2d. Because, if even relevant and proper of and in themselves, yet, the said interrogatories should have been filed to all the defendants; and thus have made the answers thereto, evidence against all. For how is it possible for the contract sued upon, to be usurious as to one of the obligors thereto, and not as to all. The language of the statute is, "a party may file, &c., to any adverse party," and not to any portion of such adverse party.

3d. Because said *Rymer* was not a party to the cause, or the issues in the cause, or either of them, within the true intent and meaning of the statute. (And the statute surely applies to parties to the issues, inasmuch as the chief punishment by it declared against a defendant for failing or refusing to answer, is, that the court may set aside his plea in the cause.)

Now, by inspection of the record, it will be seen that the process against said *Rymer* to answer said action, was made returnable to July rules, 1862, at which rules the common order, or conditional judgment was entered against him.

At August rules, 1862, said order was confirmed; and the said *Rymer*, not having set the same aside, or pleaded to issue, the same became final at the rising of the September term, 1862, of said circuit court. Section 44, chap. 171, Code of 1860.

Now could the said *Rymer* in this condition of the case, as to him, have compelled the plaintiff to discover, either by interrogatories or by bill of discovery, that said contract sued on, was, or was not usurious? If not, then how could the plaintiff compel said *Rymer* to answer or discover the same? for the right to file interrogatories, &c., is, and of necessity must be mutual. Unless the said *Rymer* was

compelled to answer, then his volunteering to do so, will not, and should not make his answers thereto evidence.

Secondly. The court erred in refusing to give to the jury the 4th instruction asked for by the defendants.

*Daniel Peck* for the defendant in error.

The declaration is in debt, the defendants *J. S. Lazzell, Thomas Lazzell*, and *C. C. Lazzell*, first pleaded payment, which seems to have been abandoned, for no evidence was given under it.

These defendants pleaded usury, and to this there was a general replication.

It seems that some evidence was given to sustain the plea; at least we can infer that such was the case, but what it was or even tended to prove, we have no record, so that we must entirely discard its consideration.

The plaintiff filed interrogatories for *Rymer* one of the defendants to answer. The errors complained of, grow out of these interrogatories. They amount in substance to this: What was the consideration of this note, and was there any contract by which usurious interest was reserved or paid? He simply answers, No!

The judge trying the case was requested to charge the jury, that those answers made by *Rymer*, could be binding on him only, and not on the other defendants; that such testimony could not be used at all.

The second exception was taken to the admission of the interrogatories answered by *Rymer*, though as against him only. The fourth an exception for the admission of the answer of *Rymer* in the case as evidence at all.

These rulings are claimed to be erroneous, and that is the question here. I can see no error in all of this. The case has not been so saved, that the court can find any thing on which to act.

We are left in total ignorance of what the defendants proved; or whether they proved anything under their pleas. If the defendants offered testimony, tending to prove the issue on their part, it could make no difference, whether the

plaintiffs proved anything, at all. The case was against him at all events. The jury would not have found difficulty if there had been no testimony at all for the plaintiff.

The testimony can only be reached by the bills of exceptions, and we must take it precisely as there stated; and on the defendants' showing, they would not have been prejudiced by the testimony offered.

BROWN, J., delivered the opinion of the court.

This is an action of debt, prosecuted by the defendant in error against the plaintiff's in error and *Martin N. Rymer*, founded on a promissory note for $1,500. The summons having been served on all the defendants except *Rymer*, an office judgment was had against them, which they set aside in October, 1859, by filing the plea of payment and the plea of usury; on which issues were joined.

The summons having been returned not found, as to the said *Rymer*, an alias summons was awarded against him, which being returned executed, an office judgment was had against him at the August rules 1862, and which not being set aside by an issuable plea at the next succeeding term of the court, became a final judgment as of the last day of that term, to wit, the September term, 1862. The cause was continued at that term, and also at the February term, 1862. At the April term, 1862, a jury was sworn to try the issues, and not being able to agree was discharged On the 7th of July, 1862, the plaintiff in the court below, filed interrogatories to the defendant *Rymer*, touching the consideration of the note sued upon; and he answered, that it was for money borrowed by him, and that his co-defendants *Lazzell*, became his sureties in said note, and that there was no usury in the transaction.

At the April term, 1863, a jury was again sworn to try the issues, when a verdict was rendered for the plaintiff, and judgment rendered upon the verdict. Upon the trial, the plaintiff offered to read to the jury as evidence, the said interrogatories and *Rymer's* answers thereto. The defendants *Lazzell*, objected, and the court permitted them to be read

as evidence against *Rymer* alone, to which ruling of the court the defendants *Lazzell* excepted.

The defendants *Lazzell*, then moved the court to instruct the jury, " that they should not regard the said answers as evidence against any of the defendants in the cause."

But the court having before instructed the jury, at the instance of the said defendants *Lazzell*, that the said answers were evidence against *Rymer* alone, and not against them, refused to give the said last mentioned instruction; and thereupon the defendants *Lazzell* again excepted: which constitutes the defendants 4th exception.

The defendants *Lazzell* then obtained a writ of supersedeas to said judgment, and assigned the following errors: 1st, That the court erred in permitting the interrogatories and answers to be read as before stated. 2nd, In refusing to give the 4th instruction asked by the defendants *Lazzell*, mentioned in their 4th bill of exceptions.

The court is of opinion, that the circuit court committed no error of which the plaintiffs in error could justly complain, in admitting the interrogatories and answers to go to the jury as evidence against the said *Rymer*. And this court is further of opinion, that the said circuit court did not err in refusing to give the 4th instruction, mentioned in the 4th exception, because it appears from said exception that the court had, at the instance of the said defendants *Lazzell*, instructed the jury that said answers were not evidence against the said defendants *Lazzell*, but were evidence against the said *Rymer* alone.

JUDGMENT AFFIRMED.