| Jan'y Term, | Alderson *vs.* Gwinn. | 1869. |
|---|---|---|

## Wheeling.

### JOSEPH A. ALDERSON *vs.* JOHN GWINN.

#### January Term, 1869.

1. In an action of debt where there has been a conditional judgment at rules and the case is on the docket for hearing, the judgment becomes final on the last day of the next term of court or on the fifteenth day thereof, whichever happens first, if there is no pleading to issue. And the filing of an affidavit, requiring the plaintiff to take the suitors' test oath, where there is no such pleading, is not sufficient to prevent a judgment by operation of law.

2. Where there is an affidavit filed, requiring the plaintiff to take the suitors' test oath, he should have actual notice of the same by the service of a rule or copy of the order noting the filing of the affidavit and requiring him to take such oath.

This case arose in Greenbrier county, in May, 1867. The questions arising in the case appear in the opinion of the judge.

*Sperry* for the plaintiff in error.
*Davis* for the defendant in error.

BERKSHIRE, J. This is an action of debt in the circuit court of Greenbrier county.

The declaration was filed at the July rules, 1866, and the common order entered against the defendant, and at the August rules, following, the common order was confirmed. The case was then put on the trial docket for the following September term of the court. The defendant appeared at the same term, and, without filing any plea or demurrer to the declaration or making other defense, filed his two separate affidavits, under the acts of the 28th of February, 1865, and the 1st of March, 1866; one averring the plain-

tiffs complicity with and actual participation in the late rebellion and the other his own loyalty and opposition to said rebellion.

The court thereupon made an order in the cause to the effect that, unless the plaintiff should file with the clerk of the court the affidavit required by law within thirty days the suit be dismissed.

It does not appear that any rule or notice was served or given to the plaintiff of the order and proceedings had at the September term aforesaid, other than the entry on the record of said order.

The case still remaining on the docket at the April term, 1867, an order was then made reciting that the plaintiff had failed to take, subscribe and ·file among the papers of the cause, the test oath required of him by the order made at the September term previous, upon the affidavits then filed, and dismissing the cause at the plaintiff's costs.

It will be perceived, therefore, that the material question presented in the record is as to the effect of the order so entered at the September term on the conditional judgment confirmed in the clerk's office at the previous August rules.

The 42d section of chapter 171 of the Code of 1860, p. 714, provides that, upon the return of process at rules, executed on the defendants, or any of them, a common order may be entered as to such defendant if he fail to appear and if he still continues in default at the expiration of the next rules, the common order or conditional judgment is confirmed, with an order, however, for the damages to be inquired into when such inquiry is proper.

The 43d section of the same chapter provides that no such inquiry is necessary in actions of debt on bonds, notes, &c. Section 44 of the same chapter, p. 714, further provides that any judgment entered in the office in a case wherein there is no order for an inquiry of damages, shall, if not previously set aside, become a final judgment, if the case be in the circuit court, of the last day of the next term or the fifteenth day thereof, whichever shall happen first. And the 45th section provides that a defendant against whom

such judgment is entered in the office, may appear and set aside the same by *pleading to issue* before it *becomes final.*

Now, as no such plea was filed in this case, it is clear that the judgment entered in the office, at August rules, became final and conclusive on the parties at the end of the September term, 1866, and as the case had thus passed beyond the control of the court, and was *coram non judice*, it follows that the order of dismissal entered at the April term, 1867, was a nullity and must be set aside. *Ender's ex'or* vs. *Burch,* 15 Grat., 64; *Lazzell* vs. *Maple,* 1 W. Va., 43.

It is claimed that the court erred in not issuing a rule and having it, or some other notice, served on the plaintiff, at the time the order was entered at the September term, 1866.

As the plaintiff in this and like cases is required to do something out of the ordinary proceedings in the cause, of which he could have no notice until the filing of the affidavits by the defendant and the entry of the order upon them, I think it reasonable that he should have actual notice of the same by service of a rule or a copy of the order on him, in the mode prescribed by law for serving rules and notices. *Campbell* vs. *the State,* 1 W. Va. Rep., 165.

The judgment of the April term, 1867, dismissing the cause at the plaintiff's costs must be reversed and annulled, with costs to the plaintiff in error here.

The other judges concurred.

JUDGMENT REVERSED.