### ROBERTS & HOGE v. PAWLEY.

1. "CASE."—Orders incorporated in "Case" by Circuit Judge as amendments not considered, because do not appear to have any connection with this cause.
2. PRACTICE—JUDGMENT BY DEFAULT, rendered on an unliquidated money demand, not verified, will be set aside on motion in the case.
3. IBID.—IBID.—A JUDGMENT rendered against joint debtors, when the complaint alleges they are partners, but the summons is only directed to one, and served on that one, will be set aside on motion on the record without affidavits of meritorious defense, excusable neglect, &c.

Before ALDRICH, J., Florence, May 29, 1896.   Reversed.

Motion in the case by the defendants to set aside a judgment by default—Roberts & Hoge against E. P. Hawley and S. A. Gregg, jr., copartners, doing business under the firm name of E. P. Hawley.   The original complaint is as follows:

(State and county omitted.)   R. R. Roberts and H. D. Hoge, copartners, doing business under the firm name of Roberts & Hoge, plaintiffs, against E. P. Pawley and S. A. Gregg, jr., copartners, doing business under the firm name of E. P. Pawley, defendants.   Complaint on account.   The plaintiffs, complaining of the defendants, allege: I. That at the time hereinafter mentioned, the defendants, E. P. Pawley and S. A. Gregg, jr., were doing business in the city of Florence, State and county aforesaid, as copartners, under

the firm name of E. P. Pawley. II. That between the 2d day of February, A. D. 1893, and the 5th day of September, A. D. 1893, the plaintiffs sold and delivered to the defendants at their request certain lots of shoes, of the value of $617.80. III. That no part thereof has been paid, except the sum of $125, and there now remains due thereon the sum of $492.80 on account of said goods sold and delivered to the defendants by the plaintiffs, as is more fully set forth in the account hereto annexed and made a part of this complaint. Wherefore the plaintiffs pray judgment against the defendants for the sum of $492.80, with interest thereon from the 5th day of September, A. D. 1893, together with the costs of this action.

Immediately following the complaint and on the same sheet of paper appears the following: Richmond, Va., Feb. 2, 1893. Mr. E. P. Pawley: Bought of Roberts & Hoge. (Then follows itemized statement of shoes amounting to $252.15.) Feb. 25. (Itemized statement of shoes amounting to $333.75.) Aug. 19. By cash, $125—$492.80.

The following summons was served on the defendant, E. P. Pawley: You are hereby summoned and required to answer the complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your answer to the said complaint on the subscribers, Wilson & Wilson, plaintiff's attorneys, at their office, in the city of Florence, State and county aforesaid, within twenty days after the service thereof, exclusive of the day of such service; and if you fail to answer the complaint within the time aforesaid, the plaintiffs in this action will apply to the Court for relief demanded in the complaint.

"N. Phillips, being duly sworn, says that he served the within summons and complaint on the defendant by delivering to him personally and leaving with him a copy of the same, at Florence, S. C., on the 20th day of April, A. D. 1894, and that he knows the person so served to be the one mentioned and described in the summons as E. P. Pawley,

the defendant herein, and the deponent is not a party to
this action."

"John Wilson, one of the attorneys of the plaintiff herein,
being duly sworn, says that no answer, demurrer or notice
of appearance has been received nor served in pursuance of
the requirements of the summons in said action."

On the complaint appears the following order from his
Honor, Judge Norton: "Let the plaintiffs herein have judg-
ment against the defendants for the sum of $517.15, and for
the costs of this action."

"The summons and complaint in this action having been
personally served on E. P. Pawley, one (of) the defendants,
on the 20th day of April, 1894, and no answer or demurrer
to the complaint having been received by the plaintiffs' at-
torney, as required by the summons in this action, and the
said case having been duly filed and docketed, and called
in open Court, as required by law, during the May term of
this Court, and an order for judgment having been endorsed
on the complaint in this action, and signed by Mr. Justice
J. J. Norton, the presiding Judge. Now, on motion, it is
hereby adjudged that the said Roberts & Hoge, the plain-
tiffs, recover of the said E. P. Pawley and S. A. Gregg, jr.,
as E. P. Pawley, the defendants, the sum of, etc."

A separate unattached paper was found in the judgment
roll, and stamped across its face "duplicate," as follows: R.
R. Roberts. H. D. Hoge. Roberts & Hoge, wholesale boots
and shoes, South Fourteenth street. Richmond, Va., Feb.
2d, 1893. Sold to Mr. E. P. Pawley. (Then follows state-
ment of account corresponding to statement attached to
complaint, with addition of word "duplicate" stamped on
the face as aforesaid, and the following:) Personally ap-
peared before me, R. M. Hardaway, a notary public for the
city of Richmond, H. D. Hoge, of the firm of Roberts &
Hoge, who, being duly sworn, made oath that the above
account is correct, to the best of his knowledge and belief,
and that no part thereof has been paid.

On the 6th of June, 1894, the clerk entered judgment in book of abstract of judgment in his office.

From the order of the Circuit Court refusing the motion the defendants appeal. •

*Messrs. P. A. Wilcox* and *Thompson & Kershaw*, for appellants, cite: *Judgments by default:* Code, 267; 59 Cal., 471; 2 Gill, 204; 25 Ala., 451. *Affidavit of meritorious defense only required for opening regular judgments:* 2 Johns Cas., 226; 2 Cal., 45, 96.

*Messrs. W. F. Clayton, J. P. McNeill* and *S. W. G. Shipp*, contra, cite: *Court will presume regularity:* 39 S. C., 482. *Sufficiency of verification:* 35 S. C., 314; 45 S. C., 69. *Judgment against joint debtors:* Code, 157. *Affidavits of merit, &c., requisite:* 17 S. C., 72.

Sept. 30, 1897. The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER. This is an appeal from an order refusing a motion to vacate a judgment heretofore entered in the case above stated. It is stated in the notice of the motion, which was duly served on the plaintiffs, "that the defendants herein will move * * * on the original records in said cause * * * for an order vacating and setting aside the judgment in this cause, entered on June 1st, 1894, on the following grounds: 1st. Because it appears on the face of said record that the summons in the cause was served on E. P. Pawley only, and that said judgment was entered against E. P. Pawley and S. A. Gregg, jr., copartners, doing business as E. P. Pawley. 2d. Because it appears on the face of said record that said action was brought on an unliquidated demand for the payment of money only; that upon failure of defendants to answer, and upon affidavit of no answer, demurrer or notice of appearance by one of plaintiffs' attorneys, this Court entered an order for judgment by default, in pursuance of which the said judgment was entered as aforesaid, and that said alleged judgment was unsupported by any proof of plaintiffs'

demand; that, notwithstanding said suit was on an unli-
quidated demand for the payment of money only, no sworn
itemized statement of said account or demand was attached
to said complaint, nor served with the summons and com-
plaint on the defendants."

The original record of the cause, as set out in the "Case"
(which should be incorporated by the reporter in his report
of the case), is full of errors, which, however, it is due to
the counsel representing the plaintiffs at the hearing of the
motion, and of the appeal here, to say they are not respon-
sible for.

In the first place, the summons is entitled, "Roberts &
Hoge, plaintiffs, against E. P. Pawley, defendant," and is
directed "To the defendant, E. P. Pawley," and the proof
of service indorsed thereon shows that the same was served
only on "E. P. Pawley, the defendant herein," without any
notice or mention of the name of the said S. A. Gregg, jr.
The complaint is entitled, "Roberts & Hoge, plaintiffs,
against E. P. Pawley and S. A. Gregg, jr., copartners, doing
business under the firm name of E. P. Pawley, defendants."
In the first paragraph of the complaint the allegation of
the partnership of the defendants is made. In the second
paragraph it is alleged that between the 2d of February,
1893, and the 5th of September, 1893, the plaintiffs sold
and delivered to the defendants certain lots of shoes, of the
value of $617.80. In the third paragraph the allegation is,
that no part of the said sum has been paid, except the sum
of $125, and that there now remains due the sum of $492.80
"on account of said goods sold and delivered to the defend-
ants by the plaintiffs, as is more fully set forth in the ac-
count hereto annexed and made a part of this complaint."
Judgment is demanded against the defendants for the sum
of $492.80, "with interest thereon from the 5th day of Sep-
tember, A. D. 1893, together with the costs of this action."
Immediately following the complaint, and on the same
sheet of paper, is an account headed, "Richmond, Va., Feb-
ruary 2d, 1893. Mr. E. P. Pawley: Bought of Roberts &

Hoge," containing the items sold between 2d February, 1893, and 5th of September, 1893, with credit by cash of $125, of 19th of August, 1893. This account was not verified by affidavit or otherwise. An order for judgment against the defendants, signed by his Honor, the late Judge Norton, is indorsed on the complaint for the sum of $517.15, bearing date 1st June, 1894. Thereupon judgment against both of the defendants was entered on the 6th of June, 1894, and on the same day was entered by the clerk in the book of abstracts of judgment. A separate, unattached paper was found in the "judgment roll," and stamped across its face "duplicate," as follows: "R. R. Roberts. H. D. Hoge. Roberts & Hoge, wholesale boots and shoes, South Fourteenth street, Richmond, Va., February 2d, 1893. Sold to Mr. E. P. Pawley," followed by an itemized statement of account corresponding to the account appended to the complaint, with the addition of the word "duplicate" stamped thereon, to which there is appended an affidavit of one of the plaintiffs, bearing date 19th of January, 1894, "that the above account is correct, to the best of his knowledge and belief, and that no part thereof has been paid." Upon the record thus stated, together with two orders of his Honor, Judge Buchanan, made in a case entitled, Roberts & Hoge *v.* E. P. Pawley and M. I. Pawley, which, by order of the Circuit Judge, were incorporated in the "Case" as amendments, the motion was heard by his Honor, Judge Aldrich, who granted a short order, without stating any reasons, refusing the motion. From that order defendants appeal, upon the grounds set out in the record, which need not be repeated here, as they raise but two questions, which will be hereinafter stated and considered.

We are unable to conceive what possible connection the two orders granted by his Honor, Judge Buchanan, can have with this case, or what light they can throw on the questions presented by this appeal. They appear, on their face, to be orders granted in a different case, under proceedings supplementary to some execution,

but what execution, whether the execution issued to enforce
the judgment here in question or some other judgment,
nowhere appears. We must, therefore, disregard these orders
for the reason that they do not appear, either on their face
or otherwise, to have any connection with this case.

The first question raised by this appeal is, whether a
judgment by default can be legally rendered upon an un-
liquidated demand for money only where such demand is
not verified. The Code, in sec. 267, provides: "When
the action is on a complaint for the recovery of
money only, judgment may be given for the plaintiff
by default, if the demand be liquidated; and if unliqui-
dated, and the plaintiff itemize his account and append
thereto an affidavit that it is true and correct, and no part
of the sum sued for has been paid by discount or otherwise,
and a copy be served, with the summons and complaint, on
the defendant * * * the plaintiff shall have judgment for
the sum sued for as in the case of liquidated demands. * * *
In all other cases the relief to be afforded the plaintiff shall
be ascertained either by the verdict of a jury or, in cases in
chancery, by the Judge, with or without a reference as he
may deem proper." From this statutory provision it is
very clear that a judgment by default can only be recovered
by a plaintiff in an action for the recovery of money only
on an unliquidated demand in one of two ways, either by
serving on the defendant, with the summons and complaint,
an itemized account, duly verified, or by the verdict of a
jury, unless it be a case in chancery. Now, in this case,
the record shows that the summons and complaint were
served on only one of the defendants, and that the itemized
account appended to the complaint was unverified. There
was, therefore, no authority for entering judgment against
either one of the defendants. The fact stated in the "Case"
that a separate, unattached paper was found in the judg-
ment roll, which purports to be an itemized account, duly
verified, amounts to nothing, where, as in this case, it ap-
pears in the record that the itemized account annexed to

32—50

the complaint, and, in terms, made a part thereof, which was served on one of the defendants, was unverified. It does not appear when or how this loose paper got into the record, and there is not the slightest evidence that it was ever served on either of the defendants, as is expressly required by the statute. When the record shows, as it does in this case, that the itemized account annexed to the complaint, which was served on one of the defendants, was unverified, there is no room for the presumption that a loose paper, which in some unaccountable manner has found its way into the record, was served on the defendants. Even if this loose paper was before the Circuit Judge when he granted the order for judgment, as it is insisted must be assumed, that would not satisfy the requirement of the statute that the itemized account, duly verified, must be served on the defendant, with the summons and complaint. It must, therefore, be concluded that there was no authority for the entry of judgment by default against either of the defendants. The affidavit of service, made by the deputy sheriff, shows that the "summons and complaint," to which latter was appended the unverified itemized account, and, in terms, made a part of the complaint, were the only papers served upon either of the defendants. In 5 Am. & Eng. Enc. of Law, at page 496, it is said: "The record in default must show affirmatively that the proceedings were according to law, because the Court will not presume in favor of a judgment by default." Here the record not only does not show affirmatively that the proceedings were according to law, but, on the contrary, it shows that one of the material requirements of the statute—the service on the defendants, with the the summons and complaint, of an itemized account, duly verified—was wholly omitted. In *Moore* v. *Mitchell*, Phill. (N. C) L., 304, it was held, that "A judgment by *default final*, sounding in damages for an unliquidated money demand, is irregular, and, on motion, will be set aside even at a subsequent term. To same effect, see *Connoly* v. *Ala. & Tenn. R. R. Co.*, 29 Ala., 374; *Phillips*

v. *Malone*, Minor (Ala.), 110; *Martin* v. *Price*, Minor (Ala.), 68; *Ballard* v. *Purcell*, 1 Nev., 342. All of which cases are taken from 5 Am. & Eng. Enc. of Law, page 496, two notes. So, in 6 Enc. of Pl. & Prac., 46, it is said:. "Where a pleading must be verified, the rendition of a judgment by default on an unverified petition, or where the verification is not in compliance with any provision, is irregular;" citing *Richardson* v. *Dinkgrave*, 26 La. Am., 651; *Rogers* v. *Moore*, 86 N. C., 85; *Witt* v. *Long*, 93 N. C., 388; *Hartman* v. *Savior*, 95 N. C., 177, and *Hammerslaugh* v. *Farrior*, 95 N. C., 135. Upon the same principle, a judgment by default on an unliquidated demand for money only, where no duly verified itemized account is served with the complaint, as required by the statute, must be regarded as irregular, and should be set aside on motion; for, in 6 Enc. of Pl. & Prac., at page 151, it is said: "Where the default or judgment taken thereon is irregular, the appropriate remedy is a motion to vacate or set aside. Such a motion is a motion made in the cause, and is a direct and not a collateral proceeding;" citing several cases from different States. There was, therefore, error in refusing to vacate the judgment upon the ground just considered, and defendants' first, second, and third exceptions are sustained.

The other question raised by this appeal is that presented by the fourth exception—that is, whether there was error in refusing the motion to vacate, when it appeared from the record that only one of the defendants was served with the summons and complaint, and yet judgment was rendered against both. There is not, and could not be, under the facts disclosed by the record, any pretense that the defendant, Gregg, was ever served with the summons and complaint, or that the Court in any other way ever acquired jurisdiction of his person. The affidavit of service shows this conclusively, and the judgment itself recites that only one of the defendants—Pawley—was served, and no authority is necessary to show that a judgment entered against the other defendant—Gregg—was wholly un-

authorized, and was a nullity. Subdivision 1 of sec. 157 of the Code, upon which plaintiffs rely to sustain the judgment entered in this case, reads as follows: "If the action be against defendants jointly indebted upon the contract, he [the plaintiff] may proceed against the defendant served, unless the Court otherwise direct; and if he recovers judgment, it may be entered against all the defendants thus jointly indebted, so far only as that it may be enforced against the joint property of all and the separate property of the defendants served." The plaintiffs have not and cannot now avail themselves of the provisions of this section; for, in the first place, the record fails to show that any action was ever commenced against defendants jointly indebted upon contract; and, on the contrary, such record shows that the summons, which is the commencement of the action, was issued against E. P. Pawley alone, and served upon him only, and in the summons there is no indication, or hint even, that any one else was intended to be sued. There was, therefore, no action ever commenced against Gregg, and no paper of any kind was ever served upon him. The fact that in the complaint, which was never served upon Gregg, there is an allegation "that at the time hereinafter mentioned the defendants, E. P. Pawley and S. A. Gregg, jr., were doing business in the city of Florence, State and county aforesaid, as copartners, under the firm name of E. P. Pawley," together with the further allegation that "the plaintiffs sold and delivered to the defendants, at their request," certain goods, of a specified value, amount to nothing; for, as has been seen, no action was ever commenced against Gregg in the mode prescribed by statute for that purpose, no summons having ever been issued against him, and none served upon him. It cannot be said, therefore, that the plaintiffs ever commenced an action against defendants jointly indebted, and hence the provisions of the section above cited do not apply. But if that section could be held applicable, its provisions were not complied with, for the judgment was entered against

both of the alleged defendants, and if allowed to stand, might be enforced not only against the partnership assets, but also against the individual assets of both parties named as defendants in said judgment. Besides, the order for judgment indorsed on the complaint, "Let the plaintiffs herein have judgment against the defendants for the sum of," &c., was not in accordance with the provisions of the section relied on, and, on the contrary, authorized the entry of a general judgment against both of the alleged defendants. It is very clear, therefore, that the entry of the judgment against Gregg was wholly without authority, and must be set aside, not only as to him, but as to Pawley also. 6 Ency. of Pl. and Practice, 17 and 18. If it should be said, as seems to be argued by counsel for respondents, that the motion should not have been granted, because the defendants failed to show by affidavit that they had a meritorious defense, or that they had sustained any prejudice, the answer is, that while such a showing may be required where the motion is to open a judgment by default, upon the ground of some excusable mistake or negligence on the part of the defendants, no such showing is required where the judgment by default is sought to be set aside because entered without legal authority; for the obvious reason that in the one case the defendant is asking the favor of the Court to be excused for his own default, while in the other case he is simply demanding his legal rights to be relieved from a judgment obtained by the plaintiff without pursuing the course prescribed by law. Accordingly, it is said in 6 Ency. of Pl. and Prac., at page 176: "A motion to vacate or open a default or judgment thereon because irregular or void, stands on a different footing from a proceeding for relief because of mistake, &c., in the defaulting party; and a case of excusable neglect need not be shown to authorize the Court to grant the order, nor is an affidavit of merits or a good defense required"—citing numerous cases.

The judgment of this Court is, that the order refusing the motion to vacate and set aside the judgment in ques-

tion be reversed, and that the case be remanded to the Circuit Court for such further proceedings as may be necessary to carry out the views herein announced.