# CHARLESTON.

MARSTILLER v. WARD.

Submitted September 10, 1902.    Decided November 29, 1902.

1. OFFICE JUDGMENT—*Plea in Bar.*

    Under section 46, chapter 125, Code of 1899, an office judgment in an action on contract, where there is no order for inquiry of damages, becomes final, so as to bar a defence, on the last day of the next term of a circuit court after the entry of such office judgment.    (p. 76).

2. CONTRACT—*Order of Inquiry—Pleading.*

    In an action on contract wherein there is no order for an inquiry of damages, if a defendant does not plead to issue at the next term after office judgment, he can not thereafter do so, but the plaintiff may at any time demand judgment upon his affidavit before or afterwards filed, such as is required by section 46, chapter 125, Code 1899, or may prove his case for judgment.    (p. 77).

3. AFFIDAVIT—*Rules.*

    The affidavit of the amount which the plaintiff is entitled to recover specified in section 46, of chapter 125, Code 1899, need not necessarily be filed at rules or at the first term after entry of the office judgment. It may be filed later.    (p. 79).

4. PLEADING—*Order of Inquiry—Damages.*

    In an action wherein there is an order for an inquiry of damages, on contract or tort, a plea may be filed at the first term after office judgment, or at a later term.    (p. 78).

5. CONTRACTS—*Judgments—Affidavits.*

The words, "for the recovery of money arising out of con-
tract," in section 46, chapter 125, Code of 1899, include all
actions in form *ex contractu*, but not those *ex delicto*, and thus
includes an action or *scire facias* upon a judgment, and there-
fore the plaintiff may, in such action or *scire facias* upon a
judgment, file the affidavit of the amount due him prescribed
in that section. (p. 82).

6. OFFICE JUDGMENT—*Mandamus.*

When an affidavit is filed of the amount which the plaintiff
is entitled to recover, prescribed in section .46, chapter 125,
Code of 1899, in a case wherein there is an office judgment,
but no order for an inquiry of damages, and the defendant
fails to plead to issue at the next term after such office judg-
ment, it is the duty of the court to render judgment for the
plaintiff upon such affidavit, and such duty being ministerial,
*mandamus* lies to enforce its performance.   (p. 84).

7. JUDGMENT—*Insufficient Affidavit.*

An affidavit under section 46, chapter 125, Code 1899, made
by a plaintiff as to the amount due him, which says that there
is "due" him a certain sum, instead of saying that there is
"due and unpaid," is not a sufficient affidavit to call for judg-
ment under that section, by reason of the absence of the words
"and unpaid." (p. 84).


Petition for *mandamus* by Lee Marstiller as administrator
of William M. Phares, deceased, to John Homer Holt, as Judge,
and S. W. Ward.

*Writ Refused.*


### STATEMENT.


In 1877, in the county court of Randolph County, in an action
of debt, William M. Phares recovered a judgment against S. W.
Ward for money.  In March, 1901, Lee Marstiller, as admin-
istrator of Phares, brought an action of debt upon said judg-
ment against Ward in the circuit court of Randolph County,
and the defendant not appearing at either the April or May
rules, a judgment by default was entered against him; and
at the May term of the court the case was on the docket, but
nothing was done in the case.  So with the October term, 1901.
At the January term, 1902, the defendant tendered four pleas,
which were objected to by the plaintiff as insufficient and as

coming too late, and the court took time to consider them. At the May term, 1902, the defendant tendered four pleas, and moved the court to set aside the judgment by default entered at rules in the office, and the court, over the plaintiff's objection, set aside the office judgment and allowed the pleas to be filed, and refused to enter judgment for the plaintiff upon his affidavit then filed fixing the amount which he claimed to be entitled to recover. The case stood in this condition when Marstiller obtained from a Judge of this Court a rule against John Homer Holt, the judge of the circuit court, to show cause why a *mandamus* should not go against him to compel him to enter judgment in said action of debt in favor of the plaintiff for the sum stated in his affidavit, filed at May term, 1902.

W. B. MAXWELL, for petitioner.

J. L. WAMSLEY, for respondent.

BRANNON, JUDGE:

The plaintiff did not file an affidavit of the amount which he was entitled to recover either at rules or at the three next succeeding terms, and not until the fourth term, and after Ward had tendered his plea.

Was Ward entitled to set aside the office judgment on pleas tendered at the third term, and presumably the same retendered at the fourth term after the office judgment, or were the pleas too late? Was the plaintiff entitled to have those pleas disregarded as filed too late, and have judgment entered in his favor upon his affidavit? The Code of 1899, chapter 125, section 44, provides that if a defendant fails to appear to defend the action at two successive rules, judgment shall be entered against him, and an order made to ascertain the amount of damages, where such order is proper; and section 45 says that there need be no inquiry of damages in any action to recover a debt on a bond or other writing for the payment of money, or on a bill of exchange or negotiable note, or in an action of debt or *scire facias* upon a judgment or recognizance. Section 46 has the broad clause, "Every judgment entered in the clerk's office in a case wherein there is no order for an inquiry of damages, and every non-suit or dismission entered

therein, shall, if not previously set aside, become a final judgment on the last day of the next succeeding term of the court." Now, if we take this clause of the statute alone, it is clear that on the last day of the May term, 1901, the office judgment had the quality of finality, because Ward failed to defend at that term. Here we have the explicit enactment that the office judgment shall have the character of finality, as against any defence, after the last day of the term, and further have the clause, "if not previously set aside," showing that the defendant cannot, after that last day, set it aside. These provisions mean something. They mean that the defendant has had ample time to appear, two rules and one term, and by his default, he has confessed the demand, and it only remains for the court to record judgment, if certain other things which are required of the plaintiff by other provisions of section 46 are done by him, that is, if a certain affidavit is filed or proof of the demand is furnished. But those things are required of the plaintiff; the statute does not enable the defendant, after that day, to make any defence. This would be so were we without other provision in the statute; for, as we have seen, the clauses mentioned limit the right to set aside the office judgment to the last day of the next term. But this is not the only language of the Code limiting the right of defence against the office judgment; for section 47 says, "If a defendant against whom a judgment is entered in the office, whether an order for an inquiry of damages has been made or not, shall, before the end of the term at which it becomes final, appear and plead to issue, and shall in the cases mentioned in the next preceding section in which an affidavit is required file such affidavit with his plea, the judgment shall be set aside." Here we have when read with section 46 a very plain re-statement of the provision contained in section 46 of the finality of the office judgment on the last day of the term, as well as a re-statement of the limitation to that day of defence against it. But notwithstanding the right of the defendant's defence exists no longer than the last day of the term, yet the legislature, as a precaution against unjust judgment merely by reason of default of the defendant, requires in section 46, that before the plaintiff shall have fruition of his office judgment in a perfect judgment recorded in term, capable of being enforced by execution, he must either file his affidavit that a cer-

tain sum is due him after abating all payments, credits and
sets-off, or furnish other proof of his demand. His declaration,
on which the office judgment rests, has not given credits, and
the statute demands of the plaintiff their allowance under oath.
It requires thus much, notwitnstanding he has his office judg-
ment; this is required of the plaintiff; but we find no intimation
of any right of defence after the last day of the term. No pro-
ceeding in the case is spoken of as afterwards to occur save only
to fix the amount of recovery; the right to recover something
has been settled, has been confessed. The defendant *nil dicit.*
What hardship is this? The defendant has had his day. The
plaintiff might reasonably wait, before filing an affidavit, to see
if a defence would be made.

But counsel argues that in order to bar a plea the plaintiff
must file his affidavit of the amount due him with his declara-
tion at rules before a plea is offered. The statute does not say
so. We have seen how a defence is limited to the last day of the
term. That alone is enough to bar a plea thereafter. The
statute makes full provision and does not accord the defendant
a defence after that date. The only question after that date is
what the plaintiff must do, and when he must do it. I answer
that to get a perfect judgment recorded in term he must either
file his affidavit, or prove his case, and there is no limit imposed
by the Code upon his right to perfect his judgment. This Court
has held that such affidavit need not necessarily be filed with the
declaration at rules, but "may be filed at any time before judg-
ment is entered." *Quesenberry* v. *People's Building Association,*
44 W. Va. 512. As the defendant's day of grace has passed,
what matters it to him when the plaintiff shall carry into actual
judgment the defendant's confession by filing his affidavit or
proving his case? But there is one provision of section 46 that
"if the plaintiff has filed with his declaration (which in all such
cases he may do) an affidavit," judgment may be entered. Now,
we can say, as we have said in that case, that if filed any time
it is, in legal contemplation, filed with the declaration, because
part of the record. That language "which in all such cases he
may do," is broad; but it is not all, for in the same section we
find that "if the plaintiff has not filed such affidavit with his
declaration, and the office judgment in the case be not set aside,
the judgment shall not be entered by the court until the plain-

tiff files such affidavit or proves his case in open court, and the judgment in either case shall be entered as heretofore provided for." Just as if filed at first term. This is a plain grant of further time to the plaintiff to perfect his office judgment by affidavit or proof, and there is no limit given. Mark the word "until," having reference to the future. It says if "the office judgment in the case be not set aside." We have seen, under provisions of the statute, that this can not be done after the first term.

By section 47 read with section 46, the defendant is denied the right after the term at which the office judgment becomes final, to set it aside whether an affidavit has or has not been filed; while the language quoted from section 46 gives right to plaintiff at any time to consummate the office judgment by affidavit or proof. Where do we find any affirmative words giving right to defend after the first term to meet these plain provisions? Here are two clauses of the Code limiting the right of defence to the first term, that declaring that the office judgment shall become final on the last day of the next term after entry of the office judgment; and that in section 47 saying that the defendant may set it aside before it becomes final, which by the statute is fixed at the last day of the next term. There is nothing in the statute to overrule these express provisions. Shall we say that merely because the plaintiff did not file his affidavit at the first term, it lets in a plea? We answer that the time for defence has gone, and it only remains for the plaintiff to get the fruitage of his office judgment by affidavit or proof. The fact stands out that the plaintiff's action is taken for confessed, and the law speaks of nothing as thereafter to be done except the filing of an affidavit or proof by plaintiff. If it be said that if the plaintiff had filed his affidavit at the first term, the defendant would have filed a counter affidavit and pleaded, the argument is not conclusive, for th· answer is, that if the defendant had any defence he could enter it without affidavit on his part; the want of plaintiff's affidavit did not shut out a defence or excuse the defendant's failure to appear. A plea is not limited to such first term after office judgment in cases where the law requires an inquiry of damages, as *assumpsit* upon an open account or on implied promise, because section 46 from among all actions picks out and gives

finality at such first term only to those wherein there is to be
no inquiry of damages.  The only difficulty here is section 47,
which, at first thought, seems to limit a plea to such first term
in all actions, by the words "whether an order for an inquiry
of damages has been made therein or not," thus seeming to
cover all cases.  On the other hand, it seems to refer only to
cases in which there is no inquiry of damages by the words
"before the end of the term at which it becomes final."  This-
section 47 is thus confused, seeming to cover, and not to cover,
all cases.  If we say that section 47 limits a plea to such first
term in all cases whatever, then we antagonize the first clause
of section 46, which selects from all cases, and gives finality
to only those cases wherein there is no inquiry of damages,
thereby plainly intending not to give finality to any other cases
than those thus selected, but to leave them open to plea at any
time.  On the other hand, if we say that section 47 limits a
plea to such first term to cases wherein there is no inquiry of
damages, then we run afoul of the words, "whether an order for
inquiry of damages has been made therein or not."  But upon
this section we must place a construction.  We think that read-
ing sections 46 and 47 together, section 47 means to limit a plea
to such first term only in those cases where there is no order for
inquiry of damages, they being the only ones given such finality
by section 46; but that in all other cases, contract or tort, there
may be a plea entered at any term before trial, because sec-
tion 46 does not impart finality to an office judgment in them.
They are unclosed by finality, left subject to defence by com-
mon law, which defence is not taken away by section 47.  In
any action for (not of) debt on any of the writings specified in
section 45, and in an action of debt on a judgment, or *scire
facias* on a judgment, there must be an issuable plea at the
first term after office judgment; in all other actions, on con-
tract or for tort, the plea may come later.  I would say that in
an action on a bond with collateral condition there could be a
plea at any time before trial, as it would require an inquiry of
damages; otherwise in an action on single bill for money.

It may be said that *Hunter* v. *Snyder,* 11 W. Va. 198, op-
poses the position here taken in holding that the office judgment
does not become final until an affidavit is filed by the plaintiff.
That case was under the Code of 1868, chapter 125; while our

case is under chapter 71, Acts 1882, amending the chapter. There are material difference bearing on this question. The former law limited the finality of the office judgment to the first term, as it is in words required in section 46 that the office judgment be "entered up in court either during such term (the next) or after its adjournment by the clerk." This denied power in the court to enter judgment on the office judgment after the first term, and inferably denied it to the clerk also beyond the next vacation; whereas that provision is not found in the act of 1882. No limit is put by it on the court as to the date of carrying the office judgment into recorded judgment. No power is given the clerk to enter up a record of the judgment. He cannot do so. But the statute gives power to the court to do so, not saying when. The very fact that the new act omitted the provision limiting the court's power to render judgment to the first term tells us that no limiation was intended. It left standing the broad declaration that the office judgment should be final on the last day of the next term, imposed no limit on the power of the court to carry it into record. Another differnce. The former statute in section 46 says that if the affidavit is not filed, the plaintiff can only recover on proof, and that could not be except at the first term, as the statute so limited the power to give judgment; whereas, the new law says that in the absence of affidavit judgment shall not be given "until" it is filed or proof given, implying that when such affidavit or proof is furnished, judgment shall be rendered. Again, in *Hunter* v. *Snyder* no affidavit was ever filed and no proof given before the date fixed by the statute for the office judgment to become final, and the court properly held that it could not become final until the affidavit was filed and under the then law no judgment could be given after the first term. Under the present law the office judgment is for one purpose, or in one sense, final, in another not. It is final at the close of the first term so as to debar any defence by the defendant; but it is not final, so as to warrant execution, until the plaintiff shall effectuate it in court by filing the affidavit or making proof. I consider this position fortified by the fact that the Virginia code of 1860, in very much the same language as our section 46, declared that an office judgment should be final on the fifteenth or last day of

the next term, and in *Enders* v. *Burch,* 15 Grat. 64, and *Alderson* v. *Gwinn,* 3 W. Va. 229, that judgment was held final for all purposes, and that any further steps in the case would be *coram non judice,* the court having no further jurisdiction. All defence was denied. So, by our statute we may say all further steps, save to ascertain the amount of recovery, would be without jurisdiction.

Counsel for Ward presents the point that section 46 only allows the plaintiff to get judgment on affidavit in actions "for the recovery of money arising out of contract," and this action being one on a judgment is not one for recovery of money arising out of contract, as a judgment is not a "contract," and therefore the plaintiff had no right to file any affidavit, or ask judgment by force of it. Like the words "final judgment" mentioned above, that depends upon the sense in which, or the purpose for which, the statute uses the word "contract." Sometimes the word "contract" would include a judgment, sometimes not. Generally, it does not include a judgment. Black on Judgments, s. 10; *Louisiana* v. *Mayor,* 109 U. S. 285-288. But in the definition of contracts the books include as contracts, contracts of record, "such as judgments, recognizances and statutes staple." 1 Story on Contr., ss. 1, 2. "When any specific sum is adjudged to be due from the defendant to the plaintiff on an action or suit at law, this is a contract of the highest nature." · Bl. Com. book 2, p. 465. Under this authority we can readily say that in the construction of section 46, "contract" includes a judgment. However, that is not all. A clear solvent of this question is found in the rule that actions at law are divided into two classes, actions *ex contractu* and actions *ex delicto.* The distinction under section 46 has a reference to this classification, else we have the illogical result that if the action is on a bond or note, an affidavit can be filed for judgment, and cannot, if the action is on a judgment, though both are for the recovery of money, and there is just as much reason to compel a plaintiff to say that a certain sum is due him, after abating all credits, as in an action on a bond. An action on a judgment cannot be ranged among actions *ex delicto,* and there is then no place for it except among actions *ex contractu.*

"There are also cases in which the law will imply a contract

to pay money, from the fact of there being a legal obligation to pay, though the transaction in its origin was totally unconnected with contract, and there has been no promise in fact. Upon this principle an action in form *ex contractu* will lie on judgment of a court of record." 1 Chitty on Contracts, 87, 11 Amer. Ed.; *Louisiana* v. *Mayor,* 109 U. S. 228, 293. Action for any thing but tort is an action on contract. Book 3 Bl. Com. 117. Freeman on Judgments, s. 4 says: "Though it be conceded that a judgment is not a contract, yet perhaps courts are justified, in some cases, in treating it as though it were a contract, or rather, in determining that the word "contract," as used in some statute, was intended to include judgments. Thus it has been held that a code provision authorizing the union in one complaint of several causes of action, when they all arise out of contract, express or implied, warranted the joinder of two or more judgments as causes of action; that a statute investing justices with the jurisdiction over actions upon contracts for the recovery of money gave them authority to hear actions upon judgments; that where a statute classifies actions as being *ex contractu* or *ex delicto,* judgments must be treated as within the former class, their owners are entitled to the same remedies for their collection as if they were contracts, including the right to attachment." Therefore, there is the same right to file an affidavit under section 46 in an action on judgment as on a bond.

Another question. The counsel for Ward contends that Marstiller's remedy for the action of the court in admitting the pleas and refusing to render judgment on the affidavit is a writ of error, not *mandamus.* He says the court had to exercise discretion, and that for mere error of judgment *mandamus* does not lie. Now, if those pleas were not admissable, but the court was bound to enter judgment on the affidavit, that was a merely ministerial act, and a court may be required to perform such an act by *mandamus. Summers County* v. *Monroe County,* 43 W. Va. 207. The statute, chapter 125, section 46, Code of 1899, clearly requires judgment upon affidavit. That affidavit fixes amount of recovery. If there were no affidavit, but evidence given for judgment, the case would, in my opinion, be different, as then the court would weigh the evidence, and exercise its judgment, though it is not necessary to decide this.

The cases above, *Enders* v. *Burch* and *Alderson* v. *Gwinn,* showing that all further proceedings after the end of the term are without authority, *coram non judice,* seems to show that the duty to enter judgment is simply ministerial or clerical, and thus justify *mandamus.* The entry of judgment is a mere ministerial act, and does not constitute the judgment itself, being only record evidence of what the law has adjudged, and that entry may be enforced by *mandamus.* What other remedy? 17 Am. & Ency. L. (2 Ed.) 768; 19 *Id.* 839; 20 *Id.* 793; see 37 W. Va. 336.

So much for the construction of the statute. If the plaintiff in this case had filed a good affidavit, he would be entitled to judgment; but is it good? It says there is "due" from the defendant a certain sum, but does not say there is "due and unpaid," as required by section 46, chapter 125, Code, as reenacted by chapter 71, Acts 1882. The Code of 1868 used only the word "due;" but the amendment added the words "and unpaid." The legislature meant something by the change. After office judgment the defendant is voiceless, at the mercy of the plaintiff as to amount. The legislature meant to search the conscience for just judgment. The word "due" has the meaning sometimes of merely owing, whether matured or not; sometimes it means mature. Does it inevitably mean in that case that it is unpaid? It was intended to not leave that to a mental reservation. We say "a note is due and unpaid." Why do we use both words, except to say the note is both matured and unpaid? It is on the same principle with the words "at least" in attachment affidavit. *Altmeyer* v. *Caulfield,* 37 W. Va. 847. A declaration in debt must aver that the debt is unpaid, and the law requires this affidavit to cover the same ground by like positive averment. The plaintiff must say the debt is unpaid. If a difference between the words, "unpaid" is the more essential. If you say we are technical, the answer is the legislature was the technical party. The whole matter is governed by the statute. In *Quesenberry* v. *Association,* 44 W. Va. 512, we said that a defendant's affidavit not conforming to the statute forbids a plea. So we say as to the plaintiff's affidavit.

For want of good affidavit we refuse a *mandamus.*

*Writ Denied.*