16738

JORDAN v. TADLOCK

(75 S. E. (2d) 691)

*Messrs. Leppard & Leppard* of Chesterfield, *for Appellant,*

*Mr. H. F. Bell,* of Chesterfield, *for Respondent,*

April 30, 1953.

G. BADGER BAKER, Acting Associate Justice.

On June 28, 1951, the Presiding Judge of the Fourth Judicial Circuit issued an order for judgment against the defendant, who had defaulted, in the sum of $976.00 and costs. The following comes from the statement in the transcript of record: "The complaint was verified and had attached to it an itemized statement of account. * * *

"On November 1, 1952, defendant, on notice, moved before the Judge of the Fourth Judicial Circuit for an order to vacate and set aside the judgment entered on the Order therefor, upon the ground that no affidavit was appended to the statement of account served with the complaint, and that such judgment was erroneous."

The verified complaint is brief, and alleges "That Plaintiff sold and delivered to defendant the goods and merchandise and loaned him money as set forth in the attached statement and marked Exhibit "A", which is by reference made a part hereof. Plaintiff avers that the said goods and cash furnished at the time of the sale alone to the defendant were reasonably worth the sums specified in said attached statement, and that upon the account thereof the defendant owes a balance remaining due and owing to Plaintiff in the sum of Nine Hundred seventy-six and no /100 ($976.00) Dollars."

Judge Lewis, in his order denying appellant's motion to vacate the judgment states the question for determination,

the legal position of the litigants, and his reasoning thereon, as follows:

"The defendant contends that default judgment cannot be taken without the taking of testimony unless the itemized statement of account has appended to it an affidavit that it is true and correct and that no part has been paid, by discount or otherwise; and that the verification of the complaint is insufficient. The plaintiff, on the other hand, contends that the itemized statement of account being made a part of the complaint is verified as true and correct by the verification of the complaint, and that such verification meets the requirements of the above quoted portions of Section 586.

In my opinion the judgment must be sustained. The complaint, itemized account attached thereto and the verification must be considered together in determining whether the requirements of Section 586 have been met. The complaint alleges that upon the account attached thereto the defendant owes the balance shown. The itemized account shows eleven (11) items as charges and four (4) items as payments, leaving the balance alleged to be due and for which amount judgment was asked. It is difficult to understand what effect a verification of the complaint has, if it is not to effectively state on oath that the complaint is true and that the items of the account are true, the account being made a part of the complaint. The pleadings meet the requirements of Section 586 for the entry of judgment by default as was done in this case, and the motion to vacate the judgment should be denied."

The pertinent portions of section 586, now Section 10-1531 of the 1952 Code, are herewith quoted:

"* * * When the action is on a complaint for the recovery of money only, judgment may be given for the plaintiff by default if the demand be liquidated; and if unliquidated, and the plaintiff itemize his account, and append thereto an affidavit that it is true and correct, and no part of the sum sued for has been paid, by discount or otherwise, and a copy be served with the summons and complaint on

the defendant; * * *, and the defendant shall neither answer, demur nor serve notice of appearance, the plaintiff shall have judgment for the sum sued for as in the case of liquidated demands."

Judgment was granted to respondent at chambers in the amount sued for solely upon the pleadings, with affidavit of default, and without testimony. Appellant's exception, as contained in the appellate record, is in conformity with its position in the lower court, that is, the statement of account does not have an affidavit appended thereto that the account is true and correct, "and no part of the sum sued for has been paid, by discount or otherwise."

Although respondent has not literally followed the terms of section 10-1531, there has been substantial compliance therewith which is sufficient. The statement of account is attached to the complaint, made a part thereof by appropriate allegation, and the complaint is verified by respondent before a notary public.

In *Roberts v. Pawley*, 50 S. C. 491, 27 S. E. 913, an itemized account was appended to the complaint, but neither the complaint nor account was verified, or, as stated in the opinion, "This account was not verified by affidavit or otherwise." The Court ruled a judgment by default in an action on such demand will be vacated on motion where the account served was not verified. The difference between the present case and the *Roberts case* is apparent in that the complaint herein is verified, by the creditor, one who has personal knowledge of the account and would be a competent witness if called to testify.

It is stated in 1 C. J. S., Account, Action on, § 17(e), page 613, "A verified complaint referring to an account annexed has been held a sufficient verification of the account, although, on the other hand, a verification of a petition which includes a statement of the account has been held insufficient."

Appellant asserts that, in any event, the verification to the complaint is insufficient since neither the complaint nor verification states the account "is true and correct, and no part of the sum sued for has been paid, by discount or otherwise." In the verification the respondent deposes he has read the complaint "and knows the contents thereof and that the same is true of his own knowledge." The complaint alleges "that upon the account thereof the defendant owes a balance remaining due and owing to Plaintiff in the sum of Nine Hundred seventy-six and no/100 ($976.00) Dollars."

The foregoing verified allegation of the complaint is in substantial compliance with the verbiage of section 10-1531 since the logical meaning and conclusion of the allegation is that the account is true and correct, and no part of the sum sued for has been paid by discount or otherwise.

Referring once more to 1 C. J. S., Account, Action on, § 17(e), page 613, we find this statement: "The affidavit verifying the account must comply with the requirements of the statute, although a substantial compliance may be sufficient."

In oral argument before this Court, appellant, for the first time, raised the question that the account sued upon is not an itemized account because the first item contained therein is, "Balance of 1947 account brought forward ........$532.18." This issue is not jurisdictional, and not having been presented to or passed upon by the lower court, it cannot be considered for the first time on appeal. It should be stated that appellant and respondent treated the accounts as an itemized account in the proceeding before Judge Lewis, and it is so described in the statement in the record.

Appellants' exception is dismissed and the order of Judge Lewis affirmed.

FISHBURNE, STUKES and TAYLOR, JJ., concur.

OXNER, J., dissents.

OXNER, Justice (dissenting).

I think the motion to vacate and set aside the judgment should be granted. While a verified complaint may be used as an affidavit, I do not think the allegation "that upon the account thereof the defendant owes a balance remaining due and owing to plaintiff in the sum of Nine Hundred Seventy-six and no/100 ($976.00) Dollars", complies with the requirement of the statute that the plaintiff shall state that the account "is true and correct, and no part of the sum sued for has been paid, by discount or otherwise." In support of this conclusion, see *Marstiller v. Ward,* 52 W. Va. 74, 43 S. E. 178. The question presented is governed entirely by statute, from which we are not at liberty to depart.