19930

ROCKLAND INDUSTRIES, Respondent, v. INTERIOR DESIGNERS, INC., OF SOUTH CAROLINA, Appellant

(210 S. E. (2d) 468)

*Messrs. Edens & Cooper,* of Columbia, *for Appellant,*

*Messrs. Drawdy & Beale,* of Columbia, *for Respondent,*

December 16, 1974.

LEWIS, Justice:

This is an action on an open account and the appeal is from an order of the lower court granting the motion of plaintiff-respondent to strike the unverified answer of defendant-appellant as sham and frivolous.

The action was brought to recover the sum of $3887.86 allegedly due respondent by appellant on an open account. The complaint was in conventional form, alleging that respondent sold and delivered to appellant, at its request, goods and merchandise of the foregoing value, as appears by a statement attached and made a part thereof, and that appellant owed respondent that amount.

The complaint was not verified. There was, however, attached to the complaint a statement of account, to which there was appended an affidavit of the treasurer of respondent, sworn to before a Notary, stating that the attached account was just and correct, that the goods were sold and delivered to appellant, and that the balance of $3887.86 was justly due and owing. The affidavit attached to the statement of account was made pursuant to Section 10-1531 of the 1962 Code of Laws, which provides, in part, that judgment may be given by default, without further proof, when the action is on an unliquidated demand and an itemized statement of the account is served with the complaint, accompanied by an affidavit that the account is true and correct and no part of the same has been paid.

Therefore, the pleadings of respondent consisted of the summons and complaint, unverified, accompanied by an affidavit that the attached statement of account was true, correct and owing. The answer of the appellant was a general denial of the material allegations of the complaint and was unverified.

The motion of respondent to strike the answer as sham and frivolous was made on the ground that "the defendant's (appellant's) answer is nothing more than a general denial to an action brought on an account duly sworn and verified and as such said answer is not sufficient according to law." The motion was granted by the lower court in a formal order, without a statement of the grounds for its issuance, and allowed appellant ten (10) days within which to file an amended answer or other pleadings.

While the motion is denominated one to strike the answer as sham and frivolous, the stated ground of the motion and respondent's statement of the question in its brief clearly show that respondent's sole contention is that the answer was legally insufficient because it was unverified. Therefore, the sole question with which we are concerned is whether it was proper for appellant to file an unverified answer.

While a pleading must be subscribed by the party or his attorney, it need not be verified; but, when it is verified, every subsequent pleading, except a demurrer, must be verified also. Section 10-603, 1962 Code of Laws.

When a pleading is verified, "the verification must be to the effect that the pleading is true to the knowledge of the person making it except as to those matters stated on informaion and belief and, as to those matters, that he believes them to be true." Section 10-604, 1962 Code of Laws.

It is conceded that the complaint was not verified in the form prescribed by Section 10-604; but respondent takes the position that the affidavit appended to the statement of account in compliance with Section 10-1531, *supra,* was tantamount to a verification of the complaint under Sections 10-603 and 10-604 so as to require appellant's answer to also be verified. The decision of this issue turns upon whether the affidavit appended to the statement of account amounted to a verification of the complaint.

The specific question at issue in this appeal then is whether in an action on an open account, an affidavit verifying a statement of account attached to an unverified complaint is sufficient to require that an answer to the complaint be verified in accordance with the provisions of Sections 10-603 and 10-604 of the 1962 Code of Laws.

The affidavit appended to the statement of account was made pursuant to Code Section 10-1531, *supra.* It is permitted solely for evidentiary purposes in default cases and forms no part of the pleadings. *Morgan's,*

*Inc. v. Surinam Lumber Corp.,* 251 S. C. 61, 160 S. E. (2d) 191.

The form of the verification of a complaint is set forth in Section 10-604, and there is nothing to indicate that the affidavit permitted by Section 10-1531, for purely evidentiary purposes, was intended to take the place of such verification. In order to verify a complaint, the allegations thereof must be verified in the manner required by Section 10-604. In no other way can the practitioner know with certainty whether to treat the prior pleading as verified.

Our decision here does not impinge upon *Jordan v. Tadlock,* 223 S. C. 326, 75 S. E. (2d) 691. In *Jordan,* the verification of the complaint was held sufficient to allow an attached itemized account in evidence, because the verification included all of the allegations of the complaint, of which the account was a part. The issue of whether an affidavit appended to a statement of account amounted to the verification of the complaint as contemplated by Code Sections 10-603 and 10-604 was not involved.

Since the complaint was not verified, appellant was not required to file a verified answer. The answer was, therefore, improperly stricken.

It appears that appellant served, along with the answer, a Demand for Account under the provisions of Section 10-671 of the 1962 Code of Laws. This was refused by respondent, relying upon the position that the statement attached to the complaint constituted an itemized statement of account within the meaning of the statute. Whether the statement of account attached to the complaint was itemized so as to excuse compliance with the demand under Section 10-671, and other questions arising out of the Demand for Account are not involved in this appeal.

The judgment is accordingly reversed and the cause remanded to the lower court for further proceedings.

Moss, C. J., BUSSEY and LITTLEJOHN, JJ., and J. B. NESS, Acting Associate Justice, concur.