15804

NETTLES v. MacMILLAN PETROLEUM CORP.

(37 S. E. (2d), 134)

*Messrs. W. P. Donelan and Fred D. Townsend,* both of Columbia, Counsel for Appellant,

*Messrs. Richard T. Maher* and *Nelson, Mullins & Grier,* all of Columbia, Counsel for Respondent,

February 20, 1946.

MR. CHIEF JUSTICE BAKER delivered the Opinion of the Court.

· This action is one for slander and was commenced by the service of a summons (complaint not served) on August 3, 1939.

The appellant (defendant below) having failed within the required twenty days to enter an appearance or otherwise plead, the respondent on October 31, 1939, filed his verified complaint in the office of the Clerk of Court for Richland County, wherein damages, actual and punitive, in the sum of Three Thousand ($3,000.00) Dollars were demanded, and on the same day made affidavit of default of the defendant and appeared before the Judge of the Richland County Court, who without a jury and after taking testimony, rendered a verdict in favor of respondent and against the appellant for the sum of Two Thousand ($2,000.00) Dollars actual damages and Five Hundred ($500.00) Dollars punitive damages. From that point the cause has pursued a devious, irregular and unduly prolonged course, involving numerous motions as well as several abortive appeals. It is now before this Court after the lapse of more than six years. We shall undertake to discuss only so much of the record as will be sufficient to furnish an understanding of the issues presented by the appeal.

Following the rendition by the County Judge of judgment by default against the appellant, a motion was noticed by it for an order setting aside the default judgment upon two jurisdictional grounds, and, in the alternative, for an order opening the default judgment and permitting the appellant to answer or otherwise plead. By an order dated April 15, 1940, the motion to set aside the judgment on the two jurisdictional grounds was refused, but the motion for permission to answer was granted upon two conditions, one being the filing of a bond by appellant in the sum of Twenty-

Five Hundred ($2,500.00) Dollars to secure respondent for the payment of any judgment thereafter recovered by him in the cause, and the other that appellant serve its answer within five days "after notice." The first-named condition appellant complied with, but it failed to serve its answer within the five-day period. Approximately one year later, on April 8, 1941, respondent moved before the County Judge for an order reinstating the default judgment because of the failure of appellant to comply with the condition of the previous order requiring the filing of its answer. The motion to reinstate was refused by order dated June 5, 1941, and in that order appellant was granted a further extension of three days from the service thereof within which to answer. Appellant's answer was then served within the time last appointed.

A lapse of something over three years then occurred, until August 5, 1944, when respondent moved before the County Judge to have him set aside his order of June 5, 1941. He invoked in support of the motion Circuit Court Rule 62. In a lengthy order dated October 23, 1944, the County Judge, after reviewing in detail the entire history of the proceeding, granted the last-mentioned motion and reinstated the default judgment as of the date of its allowance, October 31, 1939.

In the meantime, the prosecution of appeals from various orders of the trial court was commenced by each of the parties, and various proceedings were had regarding the perfection, abandonment and dismissal of these appeals, none of which it is necessary to discuss in connection with the issues now before us.

The present appeal is based upon fourteen exceptions, but only two questions are made. They are correctly stated by appellant as follows:

"I. Did the Judge of the Richland County Court have power and jurisdiction to find for the plaintiff $2,000.00 actual and $500.00 punitive damages, by default, without the aid of a jury?

"II. Did the County Court, having by its orders of April 15, 1940, and June 5, 1941, relieving the defendant of the default judgment and having filed such orders in the office of the Clerk of Court for Richland County, have jurisdiction or authority on October 23, 1944, to change same in substance by declaring the defendant in default and reinstating the default judgment."

Question I is clearly settled by the provisions of Section 586 of the 1942 Code regarding the granting of judgments by default, and by the decisions of this Court construing that Section. Respondent's cause of action sounded in tort, and his alleged damages being unliquidated, they could be determined only by the verdict of a jury. Respondent appears to concede the correctness of this principle, but he contends that the question became academic when appellant failed, in its motion to set aside the judgment, to raise the question of its right to have the damages assessed by a jury. He says this right has been waived. It is true, as revealed by the record, that this ground was not stated in specific terms in appellant's motion, but it does appear that appellant, in addition to moving to set aside the judgment on the two jurisdictional grounds stated in the motion, also moved, generally, for an order opening the judgment and for permission to answer. The motion was refused on the two jurisdictional grounds, but it was in effect granted on the remaining ground, and it may be assumed that the granting of the motion for permission to answer was based upon the lack of power of the trial judge to render a verdict without the aid of a jury. Indeed, there appears to be no other ground upon which the Judge's order could have been based. The County Judge was in error in awarding damages upon an unliquidated demand without the aid of a jury, and he properly set the judgment aside upon appellant's motion.

Question II involves in the main the applicability of Circuit Court Rule 62.

It should be remembered that more than three years had elapsed between the order of June 5, 1941, extending the time for answering, and the order of October 23, 1944, reinstating the default judgment. In the meantime, respondent, after commencing the prosecution of an appeal from the order of June 5, later abandoned that appeal. He thereby abandoned the remedy available to him for the correction of any errors of law involved in the order of the County Judge. In addition, it may be noted that the answer of appellant has never been dismissed, nor has any motion been made or heard to dismiss it. It still stands as a part of the record in the cause. We think the County Judge was in error in invoking Circuit Court Rule 62 in his order of October 23, 1944, and in reinstating the default judgment.

Under no circumstances, as we have said in discussing Question I, did the County Judge have the power to reinstate a judgment wrongfully rendered by him without the aid of a jury, upon an unliquidated demand.

It is therefore ordered that the judgment of the Richland County Court be reversed, and that the cause be remanded to that court for such further proceedings as the respective litigants may be advised.

MESSRS. ASSOCIATE JUSTICES STUKES, TAYLOR and OXNER and MR. ACTING ASSOCIATE JUSTICE STEVE C. GRIFFITH concur.