16380

ARTHUR v. DEVAUX

(60 S. E. (2d) 590)

*Messrs. James Hopkins* and *Ray M. Seigler,* of Columbia, *for Appellant,*

*Mr. Milledge T. Pitts,* of Columbia, *for Respondent.*

July 6, 1950.

BAKER, Chief Justice.

This action was commenced in the Richland County Court by the respondent against the appellant on the 13th day of November, 1947. The complaint alleged that the appellant was indebted to the respondent in the sum of Seventy-nine and 6/100 ($79.06) Dollars for goods, wares and merchandise sold to the appellant by J. A. Ammons, deceased, the respondent being the owner of the accounts belonging to the estate of J. A. Ammons, which he had purchased at a public auction theretofore held, and that such accounts were transferred to him by the administrator of the estate of J. A. Ammons; that the respondent had demanded payment of the amount due from the appellant, and that the appellant had failed and refused to pay the same or any part thereof, and was indebted to respondent in the sum aforesaid.

No itemized, verified statement of the account was attached to or served with the summons and complaint, and while there was an attempt to verify the complaint, the verification was so defective as to amount in law to no verification whatsoever.

No answer or demurrer to the complaint having been served on the respondent or his counsel in response to the summons, and affidavit of default having been duly made, respondent, on June 9, 1948, moved before Honorable Legare Bates, Judge of the County Court for Richland County, for judgment against the appellant in the amount sued for. The record discloses that the respondent appeared before Judge Bates at his chambers in the Richland County Courthouse and testified under oath that the amount claimed was due and owing and that no part of the same had been paid by discount or otherwise. Whereupon, Judge Bates ordered that the respondent have judgment against the appellant in the sum of Seventy-nine and 6/100 ($79.06) Dollars and the cost and disbursements of the action. On the same day, judgment was entered in the office of the Clerk

of Court for Richland County for the amount ordered, including $4.00 costs.

Thereafter, on April 1, 1949, appellant served notice of a motion to vacate and set aside judgment for the reason that the judgment was not taken according to law, and therefore was void, the ground specifically stated being: "That the said judgment was improperly taken by default, in that same was by order of the Court, contrary to the laws of the State of South Carolina, particularly Section 586, Code of Laws of South Carolina, 1942, and is null and void."

The motion was argued before Judge Bates, who passed his order on April 14, 1949, refusing same, and it is from such order that the appeal comes to this Court, the exception reading:

"That his Honor, Judge Bates, erred in overruling appellant's motion to set aside and vacate the judgment by default against appellant, the arror being that the judgment by default taken by order of the Court without the verdict of a jury, was improper, null and void, no itemized, verified statement of account having been served with the summons and complaint, and should have been set aside and vacated."

The cases relied upon by appellant for a reversal of the order for judgment are *Roberts & Hoge v. Pawley,* 50 S. C. 491, 27 S. E. 913, and *Mallard Lumber Company v. Carolina Portland Cement Co.,* 134 S. C. 228, 132 S. E. 614. Both of these cases were decided prior to the amendment in 1939, Acts of 1939, p. 336 of what is now Section 586 of the Code of Laws of South Carolina, 1942, and which did not then contain the following proviso: *"Provided, however,* that the court of common pleas may, upon motion of the plaintiff refer any or all issues in any default case, or hear the allegations and evidence of the plaintiff in term time, *or at chambers,* and upon the evidence so taken by the court, or upon hearing the report of the master, and the evidence produced before him render judgment for the plaintiff for such relief as his allegations and proof may warrant.

This proviso shall not repeal or affect the law now existing as to the powers of the court, but shall be cumulative thereto." (Emphasis added.)

It will, therefore, be seen that the procedure followed for obtaining the default judgment in this case was authorized; and that the trial Judge properly refused to set aside and vacate the judgment.

It is not suggested in the record that the appellant had or has any defense to the action or that he contemplates filing an answer to the complaint if the judgment is vacated. No motion was noticed to permit appellant to file an answer if the judgment was vacated.

Affirmed.

FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.