16842

PATRICK *ET AL.* v. WOLOWEK *ET UX.*
(81 S. E. (2d) 717)

*Arthur W. Holler, Jr., Esq.*, of Myrtle Beach, *for Appellants,*

*Joseph W. Little, Esq.*, of Myrtle Beach, *for Respondents, other than H. W. Tallevast,*

*Messrs. Long, Long, & Thames*, of Myrtle Beach, *for Respondent, H. W. Tallevast,*

March 10, 1954.

BAKER, Chief Justice.

This action was commenced in the Court of Common Pleas for Horry County on August 14, 1951. The complaint of the respondents was for the recovery of damages

from the appellants in the sum of $3,000.00 allegedly resulting from the maintenance of a nuisance, and for an order restraining them from the further commission of the actions which were alleged constituted the maintenance of a nuisance. The parties to this action own adjoining lots.

The appellants did not answer, demur or otherwise appear, and were, upon the basis of an affidavit of default signed by the attorney for respondents, adjudged in default on December 11, 1951, and at which time Honorable J. Henry Johnson, Presiding Judge, heard the testimony of the respondents without a jury, and ordered judgment entered against the appellants for damages in the sum of $1,-000.00, and, at the same time, signed an order enjoining the appellants in accordance with the prayer of the complaint.

Execution on the judgment was thereafter levied against the home of the appellants, which constituted their only property. A homestead was set off to them and the property was advertised for sale on the first Monday in December, 1952.

At that time, through counsel who now represent the purchaser of the property when it was later sold under this execution, but then representing a party who, on his own petition, had been appointed guardian ad litem of the appellants, filed a petition to set aside the default judgment upon the grounds that the appellants were mentally incompetent and that therefore the default was due to their excusable neglect. Based upon such petition, an order was issued out of the Common Pleas Court temporarily restraining the Sheriff of Horry County from holding the sale as advertised. However, by order dated December 11, 1952, an additional order was issued out of the Court of Common Pleas vacating the temporary restraining order and refusing the motion to set aside the default judgment, holding that there was not sufficient showing of mental incapacity on the part of the appellants to constitute excusable neglect. No appeal was taken from that order, but this is explainable

by the contention of the appellants that they knew nothing about the appointment of a guardian ad litem for them, or that any action had been taken in the matter by attorneys representing them directly or indirectly.

Thereafter, the home of the appellants was sold under the execution, at which time it was bought by H. W. Tallevast for $5,700.00 and a brief was filed in his behalf. He probably was joined with the respondents herein as a necessary party in the petition of the appellants to vacate and set aside the judgment and order issued on December 11, 1951, the first order hereinabove referred to. A deed was executed by the Sheriff of Horry County to the purchaser on the date of the sale, which was January 5, 1953, and the purchase price was paid to the Sheriff. Out of the purchase price the respondents' judgment was paid, the balance secured by a mortgage on the property was paid to the mortgagees and the mortgage assigned to the purchaser, and costs and taxes were paid. The balance remains in the hands of the Clerk of Court for Horry County for disbursement to the appellants, who have refused to accept the funds.

On January 24, 1953, the appellants, represented by counsel, served upon the respondents, and the purchaser at the sale (Tallevast), their petition praying that Judge Johnson's judgment and order of December 11, 1951, be vacated and the appellants be allowed to answer to the complaint; that the execution issued on the default judgment be quashed; that the execution sale be set aside; and that the deed to H. W. Tallevast be cancelled of record. In this petition the appellants alleged that they had not previously been represented by counsel in the action and attacked the validity of the order of Judge Johnson rendering judgment against them (order of December 11, 1951) upon the grounds that the complaint failed to state facts sufficient to constitute a cause of action against them, and that the question of the amount of the damage, if any, should have been submitted by the Presiding Judge to a jury for determination.

The appellants' motion for the relief prayed in the petition was argued before Honorable J. B. Pruitt, Presiding Judge, on February 2, 1953, and by order dated June 19, 1953, and filed July 14, 1953, Judge Pruitt denied the motion, ordering at that time that the default judgment be affirmed, that the sale conveyance be confirmed, and that H. W. Tallevast be let into possession of the premises.

Appeal was duly taken from the order of Judge Pruitt and is the cause now before this Court.

In the light of the conclusion we have reached about this matter, and which will hereinafter be set forth, we find it unnecessary to pass upon appellants' first exception, but will pass at this time only upon Exceptions 2 and 3, which will be discussed together. They read as follows:

"2. In holding that the damages awarded to the plaintiffs and against the defendants were properly assessed by the Court without the aid of a jury.

"3. In failing to hold that the judgment rendered by default against the defendants was void because the Court did not first submit the question of damages to a jury, the demand being unliquidated."

The judgment in this case was rendered on December 11, 1951, after the effective date of the amendment of 1939, as was the judgment in *Nettles v. MacMillan Petroleum Corp.*, 208 S. C. 81, 37 S. E. (2d) 134, 135. In that case the first of the two questions was: "Did the Judge of the Richland County Court have power and jurisdiction to find for the plaintiff * * * actual and * *· * punitive damages, by default, without the aid of a jury?' "

In passing upon this question the opinion therein contained the following:

"Question I is clearly settled by the provisions of Section 586 of the 1942 Code regarding the granting of judgments by default, and by the decisions of this Court construing that Section. Respondent's cause of action sounded in tort, and his alleged damages being unliquidated, they

could be determined only by the verdict of a jury. Respondent appears to concede the correctness of this principle, but he contends that the question became academic when appellant failed, in its motion to set aside the judgment, to raise the question of its right to have the damages assessed by a jury. He says this right has been waived. It is true, as revealed by the record, that this ground was not stated in specific terms in appellant's motion, but it does appear that appellant, in addition to moving to set aside the judgment on the two jurisdictional grounds stated in the motion, also moved, generally, for an order opening the judgment and for permission to answer. The motion was refused on the two jurisdictional grounds, but it was in effect granted on the remaining ground, and it may be assumed that the granting of the motion for permission to answer was based upon the lack of power of the trial judge to render a verdict without the aid of a jury. Indeed, there appears to be no other ground upon which the Judge's order could have been based. The County Judge was in error in awarding damages upon an unliquidated demand without the aid of a jury, and he properly set the judgment aside upon appellant's motion."

In this opinion the Act of 1939, 41 St. at Large, p. 336, amending Section 586 of Vol. I of the Code of 1932 was not referred to, but the amendment was included in Section 586 of the Code of 1942, which was fully considered, the case not having reached this Court until 1946 and the opinion therein was filed on February 20, 1946.

In the later case of *Arthur v. Devaux,* 217 S. C. 256, 60 S. E. (2d) 590, the plaintiff brought his action against the defendant on an account for goods, wares and merchandise sold the defendant, but in commencing his action thereon, did not attach to the summons and complaint an itemized verified statement of the account. When the default judgment in favor of the plaintiff against the defendant was obtained, the plaintiff appeared before the trial Judge *at his chambers* and testified under oath that the amount claimed was due and owing and that no part of the same had been

paid by discount or otherwise. In the last mentioned case it will, of course, be observed that the claim was liquidated and that the only issue raised was whether the Judge could take the evidence of the correctness of the claim at chambers and upon the evidence so taken award judgment. We there held that the procedure followed for obtaining the default judgment was authorized and that the trial Judge properly refused to set aside and vacate the judgment. But let it again be noted that this was on a liquidated claim.

The amending Act of 1939, which is carried into Code Section 586 of the Code of 1942, also carried the following: "This proviso shall not repeal or affect the law now existing as to the powers of the court, but shall be cumulative thereto." All that the 1939 amendment intended to do was to permit a trial Judge to hear evidence at chambers instead of in open court or refer issues in a default case to a referee or master in equity to take the testimony and make a report to the court, and to render judgment thereafter in accord with any evidence taken before him at chambers or before the master or referee. If the Legislature had intended to permit the rendition of a judgment for a plaintiff in actions in tort by a judge without the aid of a jury, the statute would no doubt have so provided.

The judgment in this case having been rendered in December of 1951, it is, of course, unnecessary to refer to the Code of 1952. However, it may not be amiss to call attention to the fact that the Code of 1952 breaks down Section 586 into two sections, 10-1531 and 10-1532, the latter of which contains the 1939 amendment, but omitted therefrom is the second sentence in said amendment which has been hereinabove quoted.

The Legislature, recognizing that under the existing law where the defendant had failed to answer, demur or otherwise plead to a complaint in actions in tort, and unliquidated damages are sought, it was necessary to have a jury pass upon the amount of damages, amended

Section 10-1532 of the Code of 1952 by Act approved March 27, 1953, 48 St. at Large, p. 137, so as to include actions in tort and unliquidated damages in the rendition of judgments by default by a Judge of the Court of Common Pleas without the aid of a jury.

In accord with the foregoing, the order awarding respondents judgment against the appellants in the sum of $1,-000.00 is reversed, and all proceedings based on this judgment are declared to be null and void; and specifically, that the deed from the Sheriff of Horry County to H. W. Tallevast conveying the real estate of the appellants, is null, void and of no effect; and it is ordered that the respondents named in the caption refund the $1,000.00, and any accrued interest paid to them thereon, to the Sheriff of Horry County, and said Tallevast be refunded the money paid in by him to the Sheriff to the extent that same is available.

Further ordered that the Clerk of Court for Horry County enter across the recordation of the deed from the Sheriff to Tallevast that said deed has been declared null and void.

Further ordered that the case be remanded to the Circuit Court, and the appellants allowed twenty days from the date the remittitur goes down and is filed in which to demur, answer or otherwise plead to the complaint, as they may be advised.

STUKES, TAYLOR and OXNER, JJ., and T. B. GRENEKER, Acting Associate Justice, concur.