17252

W. E. KNIGHT, d/b/a W. E. Knight Grocery Store, Respondent, v.
MRS. GERTRUDE MARTIN, individually and heir at law of
Wayne Martin, Appellant

(96 S. E. (2d) 473)

*Messrs. Love, Thornton, Blythe & Arnold,* of Greenville,
and *W. Hummel Harley,* of Laurens, *for Appellant,*

*Charles Welborn, Esq.,* of Anderson, *for Respondent,*

January 29, 1957.

STUKES, Chief Justice.

This is an appeal from the denial of a motion to vacate a judgment which was obtained by default. The action was brought by service of summons and a complaint which was on a printed form, entitled, "Complaint for goods sold and delivered." As printed in the transcript of record it was as follows, omitting the prayer for judgment:

"1. That the plaintiff W. E. Knight d/b/a W. E. Knight Grocery Store, did on the dates set forth on the itemized, sworn statement of account, hereunto annexed as part of this complaint; at the special instance and request of the

defendant Mrs. Gertrude Martin, individually and heir at law of Wayne Martin, deceased, a citizen and resident of the County and State aforesaid; sold and delivered to the defendant on account, the certain goods, wares and merchandise, set forth and itemized on said statement, at the prices and on the terms shown thereon, and amounting in the whole to the sum of Three Hundred ninety-seven and 82/100 ($397.82) dollars; which amount the same were reasonably worth.

"2. That nothing has been paid on the said account except as appears on said statement, and there is now due from defendant to the plaintiff the sum of Three Hundred ninety-seven and 82/100 ($397.82) dollars."

Appended was a printed form of verification which was not filled and the complaint was not verified. Attached to it was a sales slip form, the writing on which was largely illegible, and the purported jurat entirely so. However, there was also attached to the complaint the following typewritten statement, photostat of which appears in the record:

W. E. Knight, d/b/a
W. E. Knight Grocery Store
Honea Path, South Carolina

Wayne and Gertrude Martin

Balance forward on car note mortgage—1941

$282.85

6/7/1952.    114.97

$397.82

/s/ W. E. Knight

Sworn to before me this
17th day of February, 1954.

Charles Welborn        (L.S.)

Notary Public for South Carolina.

This is a true copy of the original statement of account.

Charles Welborn        (L.S.)
Notary Public for South Carolina.

Copies of the foregoing papers were served upon the defendant on August 6, 1954. Plaintiff's attorney made an affidavit of default on October 2, 1954, on which date the court granted judgment by default for the sum demanded and $4.80 costs, aggregating $402.62.

On May 11, 1956, defendant's attorneys moved to vacate and set aside the judgment upon several grounds, of which there need only be considered that which we shall discuss. Return by plaintiff was made and accompanied by affidavits and also records of plaintiff which tended to establish the indebtedness to him by Wayne Martin, the deceased husband of the defendant, and it was contended that the indebtedness was also the liability of the defendant. It is not necessary that we consider the latter contention. The motion was refused by order of the court dated August 15, 1956, whereupon defendant appealed.

Controversy as to the contents of the appeal record developed and it was settled by the court by order dated Sept. 29, 1956, whereby the statement in the transcript was altered and the court ruled that there should not be included in the transcript the affidavits and the other papers which were submitted by plaintiff upon the hearing of the motion, for the reason that the contents of them were not before the court when the default judgment was granted. Plaintiff appealed from the order settling the transcript of record and has submitted as an appendix to it all of the documents which he submitted to the court upon the argument of the motion to vacate.

The attendant cost of preparing and submitting the appendix is a bone of contention with respect to plaintiff's appeal thereabout; but it need not be decided because the contents of the appendix are immaterial to decision of the appeal, and the sustention of it throws the costs of appeal upon the plaintiff. Likewise plaintiff's sustaining grounds are irrelevant. They relate to his attempted factual showing upon the motion. The validity of the judgment is

.to be tested by the status of the action at the time of the rendition of the default judgment, and it cannot be bolstered by facts dehors the record as it existed at that·time.

Section 10-1531 of the Code of 1952 governs the procurement and rendition of judgments by· default in actions on contract. It.provides that when an action is for the recovery of money only, judgment may be given for the plaintiff by default, if the demand is unliquidated and .the plaintiff itemized his account, append thereto an affidavit that it is true and correct and that no part of the sum sued for has been paid by discount or otherwise and a copy thereof be served with the summons and complaint on the defendant, with other presently irrelevant provisions.

The statement attached to the complaint in this case ■ is so deficient, when measured by the requirement of the statute, that it hardly needs discussion to conclude that plaintiff was not entitled to judgment without .proof to the court of his claim. The judgment is void and it was error not to vacate it.

*Roberts v. Pawley,* 50 S. C. 491, 27 S. E. 913, is conclusive. It was held in the opinion by Chief Justice McIver that a judgment by default on an unliquidated demand, where no duly verified, itemized account is served with the complaint, as required by the statute, must be regarded as irregular and should be set aside on motion. It cannot be logically contended that the statement which accompanied the complaint in this action was itemized, which is a requirement of the statute. See also the recent tangent cases of *Patrick v. Wolowek,* 225 S. C. 180, 81 S. E. (2d) 717, and *Broome v. Broome,* S. C., 94 S. E. (2d) 439.

There have been decisions subsequent to the *Pawley case* which may be said to be modifications of the rule of it; but the case at bar does not come within the authority of them. In *Arthur v. Devaux,* 217 S. C. 256, 60 S. E. (2d) 590, itemized statement of the account was not attached to the complaint and the verification of the complaint was defec-

tive; but evidence was taken by the court before awarding judgment. In *Jordan v. Tadlock*, 223 S. C. 326, 75 S. E. (2d) 691, the complaint was duly verified which was held by a divided court to be a sufficient verification of the itemized statement of account which was attached to the complaint and made part thereof by appropriate allegations, although there was no other verification of the statement. The present inapplicability of these decisions is patent.

The order on the motion is reversed and the judgment which it attacked is vacated and set aside.

TAYLOR, OXNER and MOSS, JJ., and E. H. HENDERSON, A. A. J., concur.