### 18770

MORGAN'S, INC., Respondent, v. SURINAM LUMBER CORPORATION, Appellant

(160 S. E. (2d) 191)

*Charles S. Bernstein, Esq.,* of Charleston, *for Appellant,*

*Messrs. Barnwell, Whaley, Stevenson & Patterson* and *Henry T. Gaud,* all of Charleston, *for Respondent,*

*Charles S. Bernstein, Esq.,* of Charleston, *for Appellant,* in Reply,

March 8, 1968.

Lewis, Justice.

This appeal involves the validity of a default judgment entered against defendant on an account. After the entry ecution was issued against the defendant's bank account. Defendant then moved unsuccessfully in the lower court to set aside both the judgment and the execution. The motion to set aside the judgment was made upon the grounds of the judgment and, in order to collect it, a levy or execution that (1) defendant was not in default because an extension of time had been granted in which to plead and (2) the judgment was improperly entered without the taking of testimony in proof of the account. Defendant sought to have the execution set aside on the ground that the issuance of such process against a bank account was not authorized under the statutes of this State. Under our view of the matter, we need only decide whether or not the lower court was correct in sustaining the judgment against attack on the foregoing grounds.

Section 10-401, 1962 Code of Laws, provides that civil actions in courts of record in this State shall be commenced by service of a summons. Generally, when an action is instituted, the complaint need not be served at that time but, in such event, the summons must state where the complaint is or will be filed. Section 10-633, 1962 Code of Laws.

As permitted by the foregoing statutory provisions, plaintiff instituted this action on an account against the defendant Corporation by serving a summons, without a complaint, on November 30, 1965 on Hans Paul, Esquire, an officer of the defendant Corporation and a practicing attorney. The summons stated that the complaint would be filed in the office of the Clerk of Court for Charleston County. Thereafter, as noticed, the verified complaint with an attached verified statement of the account sued upon was filed with the Clerk of Court on December 14, 1965, but was not served on the defendant.

When the foregoing summons was served on defendant on November 30, 1965, it became defendant's duty, if it desired to contest the action, to give to plaintiff, within twenty days, notice of appearance and to demand in writing a copy of the complaint. Section 10-633, *supra*. No such notice of appearance and demand for a copy of the complaint was given by defendant to plaintiff within twenty days after service of the summons and, upon the failure of defendant to do so, it became in default. *Kerr v. Cleveland,* 182 S. C. 29, 188 S. E. 370; *Bissonnette v. Joseph,* 170 S. C. 407, 170 S. E. 467; *Baker-Jennings Hardware Co. v. Culp,* 105 S. C. 418, 90 S. E. 26.

Since defendant was in default, counsel for plaintiff filed an affidavit to that effect on December 21, 1965, and obtained on the same date an order for judgment by default against defendant for the amount of the account set forth in the complaint.

The defendant first contends that the default judgment should be set aside because plaintiff's counsel had extended the time in which to plead. The trial judge, in the exercise of the discretion vested in him in such matters, has held to the contrary. This conclusion is amply sustained by the record, and no abuse of discretion is shown. See: *Strickland v. Rabon,* 234 S. C. 218, 107 S. E. (2d) 344.

It is next contended that the default judgment should be set aside because it was not taken according to the provisions of Section 10-1531, 1962 Code of Laws, since it was entered solely on the pleadings without independent proof of the account sued upon.

Under the terms of Sections 10-1531 and 10-1532, when the action is on a complaint for the recovery of money only, judgment by default may be rendered by the court solely on the pleadings (1) if the demand be liquidated, or (2) if unliquidated and the plaintiff serve "with the summons and complaint on the defendant" an itemized, verified statement of his account. Therefore, when a complaint is for the recovery of an unliquidated account and an itemized statement thereof duly verified is not "served with the summons and complaint on the defendant," the court can grant judgment by default only upon proof of the account by plaintiff.

It is conceded that an itemized, verified statement of the account, although subsequently filed in the office of the Clerk of Court, was never served on the defendant; and that judgment by default was granted at chambers solely upon the pleadings, without other proof of the account.

The complaint in this matter alleges that between the dates of February 2, 1965 and March 17, 1965, the plaintiff furnished defendant, at defendant's special request, certain goods, wares and merchandise in the aggregate amount of $6,094.81, no part of which has been paid, although demand for same has been made. Within the

meaning of the statutory provisions here involved, these allegations state an unliquidated claim. *Roberts, et al. v. Pawley,* 50 S. C. 491, 27 S. E. 913; *Mallard Lumber Co. v. Carolina Portland Cement Co.,* 134 S. C. 228, 132 S. E. 614. Any contrary indications in *Patrick v. Wolowek,* 225 S. C. 180, 81 S. E. (2d) 717, are dicta and in no way impinge upon the holdings in the foregoing cases.

Since the account sued upon was an unliquidated demand and an itemized statement thereof duly verified was not served upon the defendant, plaintiff was required to introduce testimony in proof of the account in order to obtain a valid default judgment. Such was not done and the judgment was improperly entered on the pleadings alone.

Plaintiff argues however that the filing of the complaint and the itemized, verified statement of account with the clerk of court satisfied the notice requirements of the statutes since the defendant failed to demand a copy of the complaint within twenty days after the service of the summons as provided by Section 10-633, *supra.* We think plaintiff has confused the right to declare defendant in default with the right, after default, to enter judgment for the amount claimed in the complaint. As pointed out hereinabove, defendant was clearly in default and has forfeited its right to answer or otherwise plead to the complaint. The fact however, that defendant was in default did not relieve the plaintiff of the duty to comply with the statutory requiremens for entry of judgment.

Section 10-1531 permits entry of default judgment on an unliquidated account upon the pleadings alone where an itemized statement of the account duly verified is "served with the *summons* and complaint on the defendant." (Emphasis added.) While service of the complaint may be satisfied by notice of the place of its filing and the failure of defendant to thereafter demand a copy as provided in Section 10-633, *supra,* service of the statement of account referred to in Section 10-1531 is not satisfied by such filing

but must be *served with the summons and complaint.* It is significant that the statute requires that such statement of account be served with the *summons* on the defendant, showing clearly that actual service on the defendant is contemplated.

The purpose of requiring that the itemized statement of an unliquidated account be served on defendant is to afford a basis for the use of the statement of account as evidence of plaintiff's claim. Upon such notice and failure of defendant to contest the account, the statute in effect provides that such itemized statement shall be accepted as proof of the account. The failure of a defendant to contest the statement of the unliquidated account, after notice thereof has been given, places the claim of plaintiff in the same status as a liquidated demand, entitling him to enter judgment by default without further proof.

Since we have concluded that the judgment must be set aside, it becomes unnecessary to decide whether the execution issued under the judgment is valid. The execution falls with the judgment supporting it.

We conclude that the lower court correctly held that the defendant was in default but was in error in refusing to vacate the judgment. Accordingly, that portion of the order of the lower court adjudging defendant in default is affirmed; otherwise reversed and remanded for a new trial.

Moss, C. J., and Bussey, Brailsford and Littlejohn, JJ., concur.