21624

H. W. CARRIKER COMPANY, INC., Respondent, v. Dr. and Mrs. Ron JOHNSON, Appellants.

(286 S. E. (2d) 140)

*James F. Fewster, III,* and *Thomas F. McDow,* Rock Hill, *for appellants.*

*Mitchell K. Byrd,* Rock Hill, *for respondent.*

January 11, 1982.

LITTLEJOHN, Justice:

Dr. and Mrs. Ron Johnson, defendants, appeal from an order refusing to vacate a default judgment against them in favor of plaintiff H. W. Carriker Company, Inc.

The undisputed facts show that on January 24, 1979, a summons, complaint, and statement of account were served on Dr. Johnson, but not on Mrs. Johnson. Neither the statement of account nor the complaint was verified. The complaint alleges, in part, the following:

2. That the Defendants are indebted to the Plaintiff in the amount of * * * One Thousand Four Hundred Sixty-One and no/100 ($1,461.00) Dollars for goods, wares, and merchandise sold and delivered and/or services rendered and/or work or labor performed to or for the Defendants, at their special instance and request, and for which they promised to pay, as will more fully appear by reference to the itemized statement of account and/or other documentation, attached and made a part of this Complaint as if written herein.

3. That although duly demanded no part of said account has been paid by cash, discount or otherwise, except that for which credit, if any due, has been given; and that there is now due and owing to the plaintiff by the defendants said sum.

On March 12, 1979, the president of plaintiff corporation signed an affidavit that the complaint was true to his knowledge.

Based solely upon the pleading, the trial judge awarded plaintiff a default judgment for $1,461.00 plus costs and disbursements. Thereafter, defendants moved to vacate the default judgment and that they be allowed to answer or otherwise plead.

Under the terms of § 15-35-310, Code of Laws of South Carolina (1976), when an action is on a complaint for the recovery of money only, judgment by default may be rendered by the Court based solely on the pleadings if (1) the demand be liquidated, or (2) the demand be unliquidated and plaintiff serve on the defendant an itemized, verified statement of his account with the summons and complaint. Otherwise, the plaintiff must prove his claim in open court by offering evidence in addition to the pleadings.

Here, plaintiff failed to serve on defendant a verification of account with the summons and unverified complaint. See *Jor-*

*dan v. Tadlock,* 223 S. C. 326, 75 S. E. (2d) 691 (1953). Therefore, default judgment on the pleadings alone was proper only if the complaint states a liquidated demand.

This same issue has come before this court on at least three prior occasions, on each of which it was determined that an unliquidated demand was stated. *Morgan's, Inc. v. Surinam Lumber Corp.,* 251 S. C. 61, 160 S. E. (2d) 191 (1968); *Knight v. Martin,* 230 S. C. 460, 96 S. E. (2d) 473 (1957); *Roberts v. Pawley,* 50 S. C. 491, 27 S. E. 913 (1897). The most recent decision, *Morgan's, Inc. v. Surinam Lumber Corp., supra,* involved a factual situation quite similar to the one at hand. In a well-reasoned opinion, Justice Lewis (now Chief Justice Lewis) wrote as follows:

> It is conceded that an itemized, verified statement of the account, although subsequently filed in the office of the Clerk of Court, was never served on the defendant; and that judgment by default was granted at chambers solely upon the pleadings, without other proof of the account.

> The complaint in this matter alleges that between the dates of February 2, 1965 and March 17, 1965, the plaintiff furnished defendant, at defendant's special request, certain goods, wares and merchandise in the aggregate amount of $6,094.81, no part of which has been paid, although demand for same has been made. Within the meaning of the statutory provisions here involved, these allegations state an unliquidated claim. *Roberts, et al. v. Pawley,* 50 S. C. 491, 27 S. E. 913; *Mallard Lumber Co. v. Carolina Portland Cement Co.,* 134 S. C. 228, 132 S. E. 614. Any contrary indications in *Patrick v. Wolowek,* 225 S. C. 180, 81 S. E. (2d) 717, are dicta and in no way impinge upon the holdings in the foregoing cases.

> Since the account sued upon was an unliquidated demand and an itemized statement thereof duly verified was not served upon the defendant, plaintiff was required to introduce testimony in proof of the account in order to obtain a valid default judgment. Such was not done and the judgment was improperly entered on the pleadings alone.

The same reasoning applies equally to this case. The subsequent verification of account made by plaintiff was never served on either of the defendants; even if it had been served late such would not have been in compliance with the statute.

The demand being unliquidated and no verified account being served on the defendant with the summons and complaint, the trial judge erred in awarding default judgment based on the pleadings alone.

As to defendant Dr. Johnson, the judgment is vacated and he is entitled to limited participation at the new hearing to determine damages. *Howard v. Holiday Inns, Inc.*, 271 S. C. 238, 246 S. E. (2d) 880 (1980).[1]

Defendant Mrs. Johnson challenged the default order against her because of failure of service. We agree, and her request that she be allowed now to answer or otherwise respond is hereby granted.

Accordingly, we reverse the order of the trial court granting default judgment and remand for a new damages hearing as to Dr. Johnson and for permission to answer or otherwise respond and defend as to Mrs. Johnson.

Reversed and remanded.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.

---

[1] Though the default *judgment* was improper, defendant Dr. Johnson nevertheless is still held in default for failure to have timely responded to the summons and complaint.