0403

Betty G. HUMPHRIES, Petitioner-Respondent, Judy Hicks Humphries, Intervenor, v. Stephen A. SPITZ, as personal representative of Bobby E. Humphries, Respondent-Appellant.

(327 S. E. (2d) 370)

Court of Appeals

Olin L. Purvis, III, Darlington, for respondent-appellant.

*Daniel B. Causey, III*, Darlington, *for petitioner-respondent.*

*Henry Hammer*, Columbia, and *John C. Lindsay*, Bennettsville, *for petitioner-intervenor.*

Heard Dec. 13, 1984.

Decided March 4, 1985.

GARDNER, Judge:

This is an appeal from a rule to show cause for nonpayment of alimony ordered by a divorce decree obtained by Betty G. Humphries (Betty) against Bobby E. Humphries (Bobby) in 1980. Bobby specially appeared for the rule to show cause hearing, alleging defective service of the summons and petition in the prior divorce case. The trial judge held that Bobby had been effectively served in the divorce action because the alleged defect in service was a mere technicality and that Bobby was estopped to deny service. We affirm.

Bobby, a truck driver, was killed in a wreck after commencement of this appeal; Stephen A. Spitz was appointed as his personal representative for purposes of this appeal.

At issue is the sole question of whether the court obtained jurisdiction over Bobby by service of the summons and petition.

Bobby was a truck driver who lived in a mobile home between his two sisters. He had instructed one sister to receive his mail. The divorce summons and petition were taken by the process server of the sheriff's department to his mobile home, where he was met by Bobby's sister. The process server gave the papers to the sister who testified that she had been directed by Bobby to get his mail. She in turn gave them to the other sister who delivered them to Bobby. Bobby testified that after he had received the suit papers, he talked with his wife about her claim for equitable division of the marital property. He testified that when they first separated she wanted nothing, but after service of the summons and petition she began making claims. As a result of the conversations between Bobby and Betty, Bobby went to Betty's attorney's office and there signed a deed of the marital home to Betty. He testified that it was because of his visit

to Betty's attorney's office and the signing of the deed that he did not answer the summons and petition.

This case is controlled by *Dill-Ball Company v. Bailey*, 103 S. C. 233, 87 S. E. (2d) 1010 (1916). There the sheriff's agent placed the suit papers in the defendant's mailbox; the defendant's servant removed them and later handed them to the defendant. The defendant later acknowledged to the sheriff that he had received the papers from his servant and the sheriff told him what the papers were about. There was no reservice. The court held that service was effected.

This case is even stronger than *Dill-Ball* because Bobby acted more decisively after receiving the suit papers. Bobby negotiated with his wife and as a result went to the wife's attorney and there participated in a division of the marital property by executing a deed. Bobby testified that it was for that reason he did not answer the summons and petition. The effect of Bobby's testimony is to admit that he knew that a default divorce judgment was going to be entered against him.

Bobby urges that this case is not controlled by *Dill-Ball, supra*, but rather by *Matheson v. McCormac*, 186 S. C. 93, 195 S. E. (2d) 122 (1938) and *Cannon v. Haverty Furniture Co.*, 170 S. C. 1, 183 S. E. (2d) 469 (1935). These cases have been limited to collateral attacks on judgments. *MCC Financial Services, Inc. v. Duffel*, 265 S. C. 519, 220 S. E. (2d) 127 (1975). The rule to show cause of this case was intrinsic to the case; it was a direct attack, as opposed to a collateral attack, on the underlying divorce decree. Family courts retain jurisdiction in divorce cases; the rule to show cause before us was intrinsic — within the existing, ongoing litigation.

We hold, perforce of *Dill-Ball*, that Bobby was effectively served in the underlying divorce action.

For the reasons stated the judgment below is affirmed.

Affirmed.

SANDERS, C. J., and BELL, J., concur.