0436

TAYLOR FREEZER SALES CO., INC., Respondent, v. James M. BACH-MAN, d/b/a/ Jim's Lunch Box, Appellant.

(329 S. E. (2d) 1)

Court of Appeals

*Thomas F. McDow*, Rock Hill, *for appellant.*

*Peter M. Perrill*, Rock Hill, *for respondent.*

Heard Jan. 21, 1985.

Decided April 11, 1985.

*Per Curiam:*

This is a suit on an open account by Taylor Freezer, Inc., (Taylor) against James M. Bachman d/b/a Jim's Lunch Box (Bachman). Default judgment was awarded Taylor without hearing or proof of damages. We affirm.

Bachman made a timely motion to vacate the default judgment.

The issues necessary for decision are whether (1) Bach-

man was properly served, (2) the trial judge abused his discretion by not vacating the default judgment and (3) the trial judge erred by entry of judgment without testimony or reference.

## I.

Taylor delivered the summons and complaint to the Sheriff for service. A deputy called Mr. Bachman who volunteered to and did send an employee for the summons and complaint. Bachman admittedly received the suit papers from his employee.

This is a direct attack, as opposed to a collateral attack, on the judgment. We held in the case of *Humphries v. Humphries*, 327 S. E. (2d) 370, (S. C. App. 1985) that imperfect personal service, where it appears there is no doubt the defendant received and understood the import and consequences of the summons and complaint, would not invalidate a judgment on direct, as opposed to collateral, attack. We therefore affirm the appealed order insofar as it overrules Bachman's motion to vacate the judgment for improper services of the summons and complaint.

## II.

We find no merit in Bachman's contention that the judgment be set aside for mistake, inadvertence, surprise or excusable neglect. Bachman, before service of the summons and complaint, had corresponded with Taylor's attorneys. Upon receipt of the suit papers, it was obvious that his efforts to dissuade Taylor from suing had been fruitless. We therefore reject this contention.

## III.

Assuming without deciding that the account was unliquidated, we hold that Taylor's pleadings complied with Section 15-35-310, Code of Laws of South Carolina (1976), so as to allow entry of a default judgment without a hearing.

Under the terms of Section 15-35-310, Code of Laws of South Carolina (1976), when an action is on a complaint for the recovery of money only, judgment by default may be rendered by the court based solely on the pleadings if (1) the demand be liquidated, or (2) the demand be unliquidated and

plaintiff shall serve on the defendant an itemized, verified statement of his account with the summons and complaint. Otherwise the plaintiff must prove his claim in open court by offering evidence in addition to the pleadings.

Bachman contends that since the phrase "no part of the sum sued for has been paid by discount or otherwise" does not appear in the affidavit, the summons, complaint and verified statement fail to meet the requirements of the statute.

A similar argument was rejected in *Jordan v. Tadlock*, 223 S. C. 326, 75 S. E. (2d) 691 (1953). In that case, a summons and verified complaint expressly incorporating a statement of account attached thereto was served on the defendant. The verified complaint alleged "upon the account thereof the defendant owes a balance remaining due and owing to Plaintiff in the sum of Nine Hundred seventy-six and no/100 ($976.00) Dollars." *Id.* at 331, 75 S. E. (2d) at 692. The Supreme Court held this to be in substantial compliance with the Code section providing for entry of default judgments.

Here the affidavit states:

> That the attached account shows a balance and amount due of One Thousand One Hundred Thirty-seven and $^{40}/_{100}$ _____ Dollars, ($1,137.40): [sic] that to the best of the affiant's belief the said amount as shown by the attached statement is justly due the said Taylor Freezer Sales, [sic] Co., Inc. by Jimmy's Lunch Box. . . .

Moreover, the complaint, which expressly incorporated the affidavit by reference, states:

> . . . no part of said account has been paid by discount or otherwise, although demand for payment has been made.

In the circumstances, Taylor's affidavit substantially complies with the statute, "since the logical meaning and conclusion of the allegation is that the account is true and correct, and no part of the sum sued for has been paid by discount or otherwise." *Jordan v. Tadlock*, 223 S. C. 326 at 331, 75 S. E. (2d) 691 at 693 (1953).

Bachman also contends the statement of account is not sufficiently itemized. The purpose of the statutory requirement of an itemized verified statement of account is to give the defendant notice of the basis for the claim and to afford evidence of the indebtedness sufficient or entry of judgment. *Cf. Morgan's, Inc. v. Surinam Lumber Corp.*, 251 S. C. 61, 160 S. E. (2d) 191 (1968). In determining whether the requirements of Code Section 15-35-310 have been met, the complaint, statement of account and verification must be considered together. *Jordan v. Tadlock, supra.*

Taylor's complaint alleges the indebtedness is "for repairs made for the Defendant on Defendant's ice machine at the request of the Defendant...." The attached statement contains columns for customer name, invoice number, date, type of transaction and amount. The first entry under Jimmy's Lunch Box is for "PURCH" in the amount of $1,053.16. Five entires for "FINCG" follow. The total balance on the statement is $1,137.40. Reading the verified statement of account together with the allegation in the complaint, it is clear the statement is for repairs to the ice machine and accrued finance charges which are separately itemized. Since the statement is sufficient to inform the defendant of what the $1,137.40 indebtedness represents, the requirement of the statute is satisfied.

The judgment of the circuit court is affirmed.

Affirmed.