0598

MORRIS MORGAN REALTY, INC., Appellant v. LaMark JOHNSON and Candace Johnson, Respondents.

(339 S. E. (2d) 514)

Court of Appeals

*Joseph L. Smalls, Jr.* of *Pyatt & Smalls*, Columbia, *for appellant.*

*W. Davies Merry, III* and *William O. Higgins*, Columbia, *for respondents.*

Heard Nov. 21, 1985.

Decided Dec. 31, 1985.

GARDNER, Judge:

Morris Morgan Realty, Inc., (the seller) brought this breach of contract action for damages against the Johnsons (the purchasers). The purchasers' demurrer was sustained. We reverse.

The subject agreement of this case is entitled "Offer to Purchase and Agreement to Sell." This type instrument is used by real estate agents to make a written offer to a client and until signed by the owner of the property, the writing is but an offer to purchase. In this case, the offer as presented the buyers was accompanied by a deposit of $300 as earnest money. The offer contained the following provision:

> If the purchaser fails to comply with any or all terms and conditions specified in this agreement within thirty (30) days from the date a proper deed is tendered to him, he shall forfeit the sum tendered under paragraph 4 above and this agreement shall be null and void.

The offer also contained a provision that it was contingent upon the buyers obtaining a V.A. loan; the record reflects that they did.

The instrument lastly contained the following:

> This offer to purchase shall *become* a valid, enforceable, binding contract of sale between the purchaser and seller immediately upon the written acceptance of seller being subscribed below. (Emphasis ours.)

The record discloses that the seller did accept and sign the agreement.

The purchasers' demurrer was made on the grounds that the complaint failed to state a cause of action because the contract referred to in the complaint and attached thereto specifically states that noncompliance with its terms by the purchaser will result in forfeiture of the deposit and nullification and voidance of the agreement.

The dispositive issue on appeal is whether the first quoted provision inures to the benefit of the purchaser as well as the vendor. We think not.

It was expressly provided in the offer to purchase that, upon acceptance by the seller, the agreement would become a valid and enforceable contract of sale. When the seller

signed the instrument it became a contract, enforceable by either party, by virtue of the seller's acceptance of the offer; and it took on all of the incidences of a contract for the sale of real estate. And in a contract of sale of real estate a clause providing forfeiture of the earnest money if the purchaser defaults, absent clear words to the contrary, is construed as giving the seller the election to disaffirm the contract and retain the earnest money or to affirm it and sue for the purchase price. If the seller affirms the contract and sues for damages, the earnest money becomes a fund out of which the damages may be partially paid if the proven damages exceed the amount of the earnest money. *Bannon v. Knauss*, 282 S. C. 589, 320 S. E. (2d) 470 (Ct. App. 1984).

Consistent with the above rule, it has been often held that words in a contract to sell real estate providing that upon forfeiture the contract shall become null and void mean voidable at the seller's election. *See Stewart v. Griffith*, 217 U. S. 323, 30 S. Ct. 528, 54 L. Ed. 782 (1910); *First Trust and Savings Bank of Rock Hill, et al. v. Pruett, et al.*, 121 S. C. 484, 113 S. E. 469 (1922); *Marshall v. Porter*, 73 W. Va. 258, 80 S. E. 350 (1913). *See generally* 77 Am. Jur. (2d) *Vendor and Purchaser* § 478 (1975); 92 C. J. S. *Vendor and Purchaser* § 376(C) (1983).

The offer to purchase did not provide that upon the signing of the instrument by the seller, it would become simply an option granted the purchasers with no liability should they default other than forfeiture of $300, but by explicit provision it became a binding and enforceable contract of sale. As such the seller, upon signing, became vested with the right to enforce the contract either by a suit for damages or one for specific performance. This being true, we hold that the words "null" and "void" of the first quoted provision mean voidable at the seller's election.

For the reasons given, the demurrer should have been overruled.

Reversed.

SANDERS, C. J. and CURETON, J., concur.