2185

THOMAS & HOWARD COMPANY, INC., Respondent v. T.W. GRAHAM AND CO., a Partnership; Robert M. Graham, Partner; Robert M. Graham, Jr., Partner; and Robert M. Graham, Jr., Individually, Appellants.

(444 S.E. (2d) 541)

Court of Appeals

*Charles Owen Nation, II,* of *Nation & Lumpkin,* George-town, *for appellants.*

*Kenneth E. Merriman,* Florence, *for respondent.*

Submitted April 12, 1994.

Decided May 23, 1994.

*Per Curiam:*

This is an action on an open account. Thomas & Howard Company, Inc., sued T.W. Graham and Co., and its two partners, Robert M. Graham, and Robert M. Graham, Jr.,[1] to collect the unpaid balance of an account owed to it, service charges, and attorney's fees. The Grahams never answered the verified complaint and a default judgment was entered against them. More than one year later, the Grahams moved to set aside the default judgment. The court denied the motion. The Grahams appeal. We affirm in part and reverse and remand in part.

Thomas & Howard, a supplier of grocery store products, entered into an agreement to sell its products to T.W. Graham and Co., a grocery store partnership, and its partners, Robert M. Graham and Robert M. Graham, Jr. Under the agreement, the Grahams agreed to pay 18% annual interest (1.5% per month), costs, and "reasonable attorneys fees" for any collection action on their account.

The Grahams failed to pay their account when due. Thereafter, Thomas & Howards commenced this action by service of a verified complaint and verified statement of account. It sought principal and interest of $14,746.60, attorney's fees of $2,211.99 (15% of debt), and the costs of the action.

---

[1] Collectively referred to herein as the "Grahams."

The Grahams did not answer or otherwise appear. Thomas & Howard duly filed affidavits of default and moved for default judgments. Relying on the complaint and verified statement of account, and without holding a damages hearing, the circuit court entered a default judgment against the Grahams on July 25, 1991. Although the default judgment order was not served on the Grahams, they discovered it in March, 1992, when the attorney for a potential buyer of the store discovered it during a title search.

On or after July 29, 1992, more than one year after the entry of the default judgment, the Grahams moved to set it aside under Rules 60(b)(1) and 60(b)(4), SCRCP. The Grahams argued the South Carolina Rules of Civil Procedure abolished the prior practice under S.C. Code Ann. § 15-35-310 (repealed 1985) of allowing default judgments without a damages hearing on open accounts when supported by a verified statement of account served with the complaint. They argued the default judgment was void for failure to hold a damages hearing and failure to give notice of the hearing as required by the rules. The Grahams also argued "excusable neglect" to set aside the default judgment.

The circuit judge denied both motions. He held the Rule 60(b)(1) motion was untimely because it was not made within the one-year period prescribed by the rule. He further held the Grahams failed to prove excusable neglect. As to the "void judgment" motion under Rule 60(b)(4), the judge held that the prior practice of granting default judgments without a hearing in verified account cases survived the adoption of the SCRCP.

We affirm the circuit court's award of all damages, except for the award of attorney's fees, pursuant to the following authorities. *Coleman v. Dunlap*, 306 S.C. 491, 413 S.E. (2d) 15 (1992) (one-year limitation is an absolute time limit); *Morgan's, Inc. v. Surinam Lumber Corp.*, 251 S.C. 61, 160 S.E. (2d) 191 (1968); *Taylor Freezer Sales Co. v. Bachman*, 285 S.C. 292, 329 S.E. (2d) 1 (Ct. App. 1985) (default judgment may be entered on a verified statement of account without damages hearing); Rule 81, SCRCP (where no provision is made by statute or these Rules, the procedure shall be according to the practice as it has heretofore existed in the courts of this State).

The circuit court made a separate award for attorney's fees. The only evidence of attorney's fees, however, was Thomas & Howard's allegation that 15% was a reasonable amount. We hold that a contractual obligation to pay "reasonable" attorney's fees is inherently an unliquidated amount and cannot be liquidated by the unilateral allegation contained in a party's complaint. Moreover, the judge made no findings on the required factors relevant to the award of attorney's fees. *See Blumberg v. Nealco*, — S.C. —, 427 S.E. (2d) 659 (1993). Accordingly, we reverse the award of attorney's fees and remand for an evidentiary hearing on this question.

Affirmed in part, reversed and remanded in part.

BELL, GOOLSBY and CONNOR, JJ., concur.