24234

THOMAS & HOWARD COMPANY, INC., Respondent v. T.W. GRAHAM AND CO., a Partnership; Robert M. Graham, Partner; Robert M. Graham, Jr., Partner and Robert M. Graham, Jr., individually, Appellants.

(457 S.E. (2d) 340)

Supreme Court

*Charles Owen Nation, II,* of *Nation & Lumpkin,* of George-town, *for appellants.*

*Kenneth E. Merriman,* Florence, *for respondent.*

Heard Mar. 7, 1995.

Decided Apr. 17, 1995.

WALLER, Justice:

We granted certiorari to review the Court of Appeals' decision reported at 314 S.C. 410, 444 S.E. (2d) 541 (Ct. App. 1994). We affirm in part, reverse in part.

## FACTS

Thomas & Howard (T & H), a supplier of grocery store goods, sued T.W. Graham et al (Graham) to collect the unpaid balance on an open account. T & H served its complaint along with a verified statement seeking $14,746.60 on the account, plus "reasonable attorney's fees"[1] of 15% of the debt, or $2211.99. Graham failed to answer and circuit court, without holding a damages hearing, entered default judgment against Graham on July 25, 1991.

On July 29, 1992, more than one year after its entry, Graham moved to set aside the default judgment pursuant to Rule 60 (b) (1) and (4), SCRCP. The trial court denied the motions finding 1) the Rule 60 (b) (1) motion was untimely as it

---

[1] The parties' agreement provided that Graham would pay "reasonable attorney's fees" for any collection on their account. Thomas & Howard's monthly statement indicated that customers would be required to pay a 15% attorney's fee for nonpayment.

was not made within one year after entry of the default judgment,[2] and 2) the judgment was not "void" under Rule 60 (b) (4) for failure to hold a damages hearing. The Court of Appeals affirmed in part. However, it held Graham's contractual obligation to pay "reasonable attorney's fees" was an unliquidated amount which could not be liquidated by the unilateral allegation of a party's complaint. Accordingly, the matter was remanded for an evidentiary hearing on the question of attorney's fees.

This Court granted certiorari, directing the parties to address the following issues:

> 1) Did adoption of the South Carolina Rules of Civil Procedure (SCRCP) abolish prior practice of allowing default judgments without a damages hearing on an open account when supported by a verified statement of account served with the complaint?
> 2) Did the Court of Appeals err in setting aside the award of attorney's fees and remanding for an evidentiary hearing?

## I. DAMAGES HEARING

Graham contends practice as it existed under S.C. Code Ann. § 15-35-310 (1976) (repealed by 1985 Act No. 100, § 2, eff. July 1, 1985) was abolished by adoption of the SCRCP. He contends that under the SCRCP, a default judgment may not be entered on a claim for unliquidated damages, even if supported by a verified statement of account, without a damages hearing. We disagree.

S.C. Code Ann. § 15-35-310 permitted entry of a default judgment without a damages hearing on open accounts when supported by a verified statement of account served with the complaint. *Taylor Freezer Sales Co. v. Bachman*, 285 S.C. 292, 329 S.E. (2d) 1 (Ct. App. 1985). The purpose of the requirement of a verified statement of account is to give the defendant notice of the basis for the claim and to afford evidence of the indebtedness sufficient for entry of judgment. *Id; Morgan's Inc. v. Surinam Lumber Corp.*, 251 S.C. 61, 160 S.E. (2d) 191 (1968).

---

[2] The one-year requirement applies only to Rules 60 (b) (1), (2), and (3); it does not apply if the judgment is "void" under Rule 60 (b) (4).

The entry of default judgment is now governed by Rule 55 (b) (1), SCRCP which provides, in part:

> If the party against whom judgment by default is sought has appeared[3] in the action, he . . . shall be served with written notice of the application for judgment at least 3 Days prior to the hearing . . . . **If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages . . . the court may conduct such hearings . . . as it deems necessary. . . .** (Emphasis supplied.)

Rule 9 (i), SCRCP provides that a verified copy of the account may be attached to the pleading, or the pleading verified if the account items are set forth therein. Finally, Rule 81, SCRCP states that **"where no provision is made by statute or these Rules, the procedure shall be according to the practice as it has heretofore existed in the courts of this State."** We find that the practice of entering default judgment upon a verified statement of unliquidated damages survived adoption of the Rules.

Graham contends Rule 5 (a), SCRCP mandates a contrary result. We disagree. Rule 5 (a) provides, in pertinent part:

> . . . no service need to [sic] be made on parties in default for failure to appear, except that . . . **notice of any trial or hearing on unliquidated damages shall also be given to parties in default.**

*See also Wiggins v. Todd,* 296 S.C. 432, 373 S.E. (2d) 704 (Ct. App. 1988). We find that notice is required under Rule 5(a) only in those cases in which the trial court, exercising its discretion under Rule 55, deems a hearing necessary. Here, the trial court found the verified statement sufficient and, accordingly, nothing further was required. Where however the trial court finds the complaint and verified statement insufficient and determines a hearing is necessary, a defaulting party is entitled to notice of the damages hearing. *See Lewis v. Congress of Racial Equality,* 275 S.C. 556, 274 S.E. (2d) 287 (1981); Rule 5 (a), SCRCP.

---

[3] It is undisputed that Graham did not appear in this action.

## II. *REASONABLE ATTORNEY'S FEES*

Notwithstanding its ruling that Graham's Rule 60(b) (1) motion to set aside the judgment was untimely as it was not brought within one year after entry, the Court of Appeals reversed the award of attorney's fees. This was error. A judgment may be set aside more than one year after its entry only if it is "void."[4] *See* Rule 60 (b) (4), SCRCP. The entry of default relative to attorney's fees does not render the judgment "void."

A void judgment is one that, from its inception, is a complete nullity and is without legal effect and must be distinguished from one which is merely "voidable." 46 Am. Jur. (2d) *Judgments* § 31 (1994). Generally, a judgment is void only if a court acts without jurisdiction. *Ross v. Richland Co.*, 270 S.C. 100, 240 S.E. (2d) 649 (1978). Irregularities which do not involve jurisdiction do not render a judgment void. *Genobles v. West*, 23 S.C. 154 (1885). There is a wide difference between a want of jurisdiction in which case the court has no power to adjudicate at all, and a mistake in the exercise of undoubted jurisdiction in which case the action of the trial court is not void although it may be subject to direct attack on appeal. *Piana v. Piana*, 239 S.C. 367, 123 S.E. (2d) 297 (1961). *See also Petroleum Transportation Inc. v. SCPSC*, 255 S.C. 419, 179 S.E. (2d) 326, 329 (1971). A judgment will not be vacated for a mere irregularity which does not affect the justice of the case, and of which the party could have availed himself, but did not do so until judgment was rendered against him. *Cosgrove v. Butler*, 1 S.C. 241 (1869).[5]

Here, when Graham failed to answer Thomas & Howard's verified complaint, the claim for attorney's fees was in the same status as was the verified claim on the open account. *Morgan's Inc., v. Surinam Lumber Co.*, 251

---

[4] A judgment may also be set aside more than one year after its entry pursuant to Rule 60 (b) (5) if it has been satisfied, released, discharged, etc.

[5] In *Knight v. Martin*, 230 S.C. 460, 96 S.E. (2d) 473 (1957) this Court found a default judgment void where the verified statement attached to the complaint was so deficient the plaintiff was not entitled to judgment without proof to the court of his claim. Clearly, the defect in the verified statement does not constitute a **jurisdictional** defect and the judgment in *Knight* was therefore not "void," but merely "voidable." Accordingly, the judgment notwithstanding the use of the term "void." *Accord Morris Morgan Realty v. Johnson*, 288 S.C. 43, 339 S.E. (2d) 514 (1983) (words in contract stating contract shall become null and "void" upon forfeiture mean "voidable").

S.C. 61, 160 S.E. (2d) 191 (1968) (a defendant's failure to answer the plaintiff's verified statement puts the plaintiff in the same status as having a liquidated demand). As noted previously, if the trial court found the verified complaint seeking $2211.99 (or 15%) attorney's fees insufficient or the claim excessive, it was within the court's discretion to conduct a hearing, of which Graham would have been entitled to notice. *Lewis, supra.* However, the trial court here did not determine a hearing was necessary. As no hearing was required, the failure to conduct one could not render the judgment void. Accordingly, the trial court had jurisdiction to enter the default judgment as to attorney's fees and Graham's remedy, if any, was to move to set aside pursuant to Rule 60 (b) (1), (2), or (3) within one year. Having failed to do so, Graham was not entitled to relief and the Court of Appeals erred in remanding the matter of attorney's fees.

## *CONCLUSION*

To the extent the Court of Appeals held that a default judgment may be entered upon a verified statement of account, without the need for a damages hearing, the judgment below is affirmed. However, we reverse and reinstate the entry of default judgment insofar as it relates to the award of attorney's fees.

Affirmed in part, reversed in part.

FINNEY, C.J., TOAL and MOORE, JJ., and A. LEE CHANDLER, Acting Associate Justice, concur.